129 So.2d 454 (1961)
TRANSPORT RENTAL SYSTEMS, INC., a Florida corporation, and C.A. Stewart, Appellants,
v.
HERTZ CORPORATION, a Delaware corporation, Appellee.
No. 60-43.
District Court of Appeal of Florida. Third District.
May 4, 1961.
Rehearing Denied May 24, 1961.
Graham C. Miller, Miami, for appellants.
Worley, Gautier & Dawes, Miami, for appellee.
SMITH, D.R., Associate Judge.
This appeal is taken from a final judgment entered November 23, 1959, based upon a jury verdict rendered July 13, 1959.
*455 The action in the lower court was based upon an alleged breach of a "Truck Lease Service Agreement". Also, involved in the litigation was a sum claimed for unpaid rental charges provided for by the contract. The parties stipulated as to this element of damages, the amount thereof being $5,500, which was included in the jury verdict by direction of the court. The jury verdict was for $14,500.
The appellants herein were the lessees under the contract and the defendants in the lower court. The appellee herein was the assignee of the lessor under the contract and the plaintiff in the lower court.
The contract in question is very complete and in great detail. It contains 29 provisions, all of which apply only to the leasing of trucking equipment, with the exception of the two sections hereinafter quoted.
The breach of the contract for which damages were claimed was alleged to have occurred under Section (18) and subsections (a) and (b) thereof which read as follows:
"(18) Either party shall have the right to cancel this agreement on any Anniversary of the date on which the last vehicle delivered to Customer hereunder shall have entered Customer's service under this agreement, by giving to the other party, at least thirty (30) days prior to such termination date, notice in writing of its intention so to terminate this agreement.
(a) In the event either party shall elect to cancel this agreement, then Customer agrees to purchase the vehicles then covered by this agreement and Lessor agrees to sell said vehicles to Customer, upon the basis set out in sub-section (b) hereof.
(b) In the event of cancellation of this agreement, the purchase by Customer of the vehicles covered hereby shall be for cash or upon terms suitable to Lessor and at the original value thereof, as specified in Schedule A and/or other Schedule A's attached hereto, less depreciation, computed upon the bases of the time which has elapsed from the date the vehicles shall have entered the service of Customer until the date Customer shall have exercised this option to purchase, and at the depreciation rate set forth in Schedule A and/or other Schedule A's attached hereto, provided, however, that the purchase price of such vehicles under this option shall not in any event be less than fifteen (15) per cent of the original value, as set out in Schedule A and/or other Schedule A's attached hereto."
the plaintiff claiming that same provided for an absolute sale of the vehicles to the defendants.
The vehicles were returned by the defendants to the plaintiff upon termination of the contract. The plaintiff then sold the vehicles at private sale. The damages for the breach were claimed to be a sum of money equal to the difference between the amount realized from the sale of the vehicles and the amount the plaintiff would have been entitled to receive for the vehicles under the terms of the contract. This amount was established to be the sum of $18,000. It is apparent that the jury allowed only one-half of this amount as plaintiff's damages for the breach, but this is not material in resolving the issue.
The main contention of the defendants was that the above-quoted provision of the contract was only an option to purchase, giving the defendants, lessees under the contract, the right to return the goods upon termination of the contract.
Defendants' motion to dismiss the complaint for its failure to state a cause of action was denied. Likewise, defendants' motion for a directed verdict upon the issue involved because of the plaintiff's failure to show a breach by the defendants of the contract was denied.
*456 The arguments of counsel were centered primarily around an interpretation of the above referred to provision of the contract. Also the briefs of the parties are confined almost entirely to a construction of this provision. Apparently, Section (16) of the contract, which reads as follows:
"(16) Customer agrees that upon the expiration of the period for which any vehicles delivered under this agreement respectively shall have been leased or upon the cancellation or termination of this agreement, all of the vehicles delivered under this agreement to Customer will be returned to Lessor at the garage at which such delivery shall have been made (or such other garage in the same city as may have been designated by Lessor), in as good mechanical condition and running order as they were when received by Customer, ordinary wear and tear excepted."
was either disregarded or entirely overlooked. This provision can only be construed as implying a right to return the vehicle upon termination of the contract and sets forth the conditions upon which the return is to be made. This is a reasonable inference and no other inference or intention can possibly be applied to its terms. When this provision is considered along with Section (18) and its subsections and the other provisions of the contract, the contract must be considered as a lease agreement with an option, upon termination of the contract, in the lessees to either return the vehicles or buy the same upon the terms set forth in Section (18) and its subsections.
Section (16) would not have been inserted had it not been intended to serve some purpose in expressing the intention of the parties. An implication of law arising from one clause of a contract indicating that another is unnecessary does not justify that such other clause is superfluous. 7 Am.Jur., Contracts, 95. It is a cardinal rule in the construction of contracts that the intention of the parties thereto will be ascertained from a consideration of the whole agreement. 7 Fla.Jur., Contracts, Sec. 77. If a contract contains clauses which are apparently repugnant to each other, they must be given such an interpretation as will reconcile them if possible. 7 Fla.Jur., Contracts, Sec. 91. The real intention, as disclosed by a fair consideration of all parts of a contract, should control the meaning given to mere words or particular provisions when they have reference to the main purpose. 7 Fla.Jur., Contracts, Sec. 88, p. 155; 12 Am.Jur., Contracts, Sec. 252; 7 Fla.Jur., Contracts, Sec. 87. These general principles of construction are well-settled statements of the law in this state.
Upon applying these general principles of construction to the contract in question, it can only be concluded that the contract in question was a lease agreement with an option to the lessees, upon termination of the lease agreement, to either return the property or buy the same. The lessees chose to return the same to the lessor's assignee, the appellee herein. There was, therefore, no breach of the contract and the defendants, the appellants herein, were entitled to judgment as a matter of law upon this particular element of alleged damages.
Since the verdict of the jury and the judgment of the court included a valid claim of $5,500, agreed upon by the parties, it is now, therefore, ordered that the judgment of the lower court be and the same is vacated and set aside and the lower court is directed to enter judgment for the sum of $5,500, together with necessary costs incident thereto.
Reversed and remanded with directions.
HORTON, C.J., and CARROLL, CHAS., J., concur.