151 So.2d 453 (1963)
MONSALVATGE AND COMPANY OF MIAMI, INC., a Florida corporation, Appellant,
v.
RYDER LEASING, INC., a Delaware corporation, Appellee.
No. 62-400.
District Court of Appeal of Florida. Third District.
April 2, 1963.
*454 Taylor, Brion & Rollins and Garth A. Webster, Miami, for appellant.
Charles J. Crowder, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The appellant, defendant below, seeks review of an adverse final judgment entered upon a jury verdict in favor of the appellee. We reverse.
The appellee, by written instruments, leased certain personal property to the appellant for a stipulated rental payable in monthly installments. The leases provided, inter alia, that: the title to the property remained in the appellee; the leases could not be terminated by the appellant until "expiration of the full term * * *"; upon termination appellant would immediately return the leased property to the appellee; and in case of default by appellant in the rental payments, etc., "all remaining unpaid installments shall become at once due and payable and lessor [appellee] may at its option terminate this lease. * * *"
Prior to expiration, the appellant defaulted in the payments due under the terms of the leases. On August 9, 1961, the appellee brought this action. The complaint stated: "Plaintiff does herein terminate said leases and demand full payment due under the leases." The demand for judgment sought full payment on the leases from the date of default to the date of expiration, plus interest, costs and attorney's fees. After the filing of this action, the appellant attempted to return the leased property but the appellee refused the return. The appellant then filed its answer alleging return and refusal and contending that as a result thereof the appellee was entitled only to a reasonable rental value of the property up to the time of its return or the date of the termination of the leases, and not for the entire period covered by the leases. At the trial, the appellant's attempt as a part of its case in chief, to introduce into evidence the deposition of an officer or managing agent of the appellee was frustrated by the trial court's ruling that it was inadmissible since the witness was present before the court. Nor would the trial court permit the appellant to call this officer as an adverse witness. After trial, the jury returned a verdict for the entire *455 balance due on the leases, plus an attorney's fee of $500, and the judgment appealed was entered pursuant thereto. The award of attorney's fees was based entirely on the testimony of an expert witness elicited mainly through the use of a hypothetical question. There was no evidence relative to the amount of time spent by the appellee's counsel in preparing legal documents, attending hearings, and prosecuting the case at trial. The question propounded merely presupposed that a certain number of hours were expended on the case. This question formed the basis for an estimate by the witness as to what a reasonable fee would be.
The appellant contends that the trial court erred (1) in refusing to permit the appellant to call the appellee's managing agent as an adverse witness or to introduce his deposition into evidence; (2) in allowing the appellee to recover the remaining installments due on the lease contracts after the appellee had declared the contracts terminated and the appellant had returned the equipment; and (3) in allowing the jury to award an attorney's fee in the absence of competent evidence on the question of what a reasonable fee would be. We find these contentions have merit.
The trial court was clearly in error in refusing to allow the appellant to introduce the deposition of the manager of the appellee corporation or to examine him orally as an adverse witness on the appellant's case in chief. Rule 1.21(d), Florida Rules of Civil Procedure, 30 F.S.A., provides that the deposition of a party or an officer, director or managing agent of a public or private corporation may be used by an adverse party for any purpose. The use of such a deposition is not conditioned upon the availability of the deponent. Under Rule 1.37(a), Florida Rules of Civil Procedure, a party may call an adverse party or an officer, director or managing agent of a public or private corporation and interrogate him by leading questions, contradict him, and impeach him in all respects as if he had been called by the adverse party.
Turning to the appellant's contention that the appellee should not be permitted to recover the entire unpaid balance due on the lease contracts, we note that the appellee, in its complaint, terminated the leases. Since the title to the leased property was reserved to the lessor-appellee, and the appellant was under an obligation by the terms of the leases to return the equipment upon a termination thereof, and did make an offer to return, the appellee's recovery should be limited to those payments which were due and in default at the time of termination. It would be inequitable and unjust to allow the appellee to have payment of all sums due under the leases and at the same time have the use and benefit of the leased property. See Transport Rental Systems, Inc. v. Hertz Corporation, Fla. App. 1961, 129 So.2d 454; see also Voges v. Ward, 98 Fla. 304, 123 So. 785.
On the question of the competency of the evidence to support the award of attorney's fees, the testimony of an expert, where hypothetical questions are posed, is based on a presumption that the evidence before the jury supports the factual statements in the hypothetical question. When the record is devoid of evidence supporting such statements, the testimony elicited by the question is rendered incompetent as without evidentiary foundation. As stated in Arkin Construction Company v. Simpkins, Fla. 1957, 99 So.2d 557:
"It is elementary that the conclusion or opinion of an expert witness based on facts or inferences not supported by the evidence in a cause has no evidential value. It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion."
In the case sub judice, the witness had to assume from the question posed to him that a certain number of hours had been spent in prosecuting the case, when, as a *456 matter of fact, no such testimony had been offered to the jury. Thus his testimony was without evidential value and the jury should not have been allowed to base its award of attorney's fees thereon.
In view of the opinions expressed herein, the judgment appealed is reversed, and the cause is remanded for a new trial on the question of damages alone to ascertain and determine the amount of the defaulted payments due under the terms of the lease agreements at the time that the appellee elected to terminate the leases. In addition, the appellee should be entitled to prove with competent evidence what a reasonable attorney's fee would be for its attorney in the prosecution of this cause.
Reversed and remanded for a new trial.