165 So.2d 207 (1964)
CUTLER GATE BUILDING CORP., a Florida corporation, and Edward Edwards, Appellants,
v.
UNITED STATES LEASING CORPORATION, a California corporation, Appellee.
No. 63-832.
District Court of Appeal of Florida. Third District.
June 16, 1964.
Paul A. Louis, Bertha Claire Lee, and Charles A. Williams, Miami, for appellants.
Feibelman, Friedman, Hyman & Britton, Miami, Herbert Stettin, Miami Beach, and John P. Durant, Miami, for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
HORTON, Judge.
The appellants, defendants below, seek review of an adverse summary final judgment. We reverse.
The appellee, the owner of a business machine, executed a three-year lease of the machine to the appellant Cutler Gate Building Corp. (hereinafter referred to as Cutler) as the lessee, and the appellant Edwards as guarantor, whereby Cutler agreed to pay the appellee a monthly sum for a period of 36 months for the use of the machine. The lease contained an option to purchase, upon the expiration of the lease period, for a fixed percentage. Shortly after the machine had been delivered to the appellant Cutler, the appellee was notified by Edwards that Cutler was not in a position to continue the lease agreement, and requested that appellee advise where and to whom the machine should be returned. Although the date is not clear, apparently the machine was returned to the appellee within a space of some three months after it had been placed with Cutler.
*208 The appellee made demand upon the appellants for the unpaid balance due on the lease agreement which the appellants refused and as a result, this suit ensued. The total amount of the lease for the 36-month period was $1,031.75. The appellee in its complaint claimed damages for $1,093, plus interest, costs and reasonable attorney's fees. The appellants answered the complaint by admitting the execution of the contract but denying the remaining allegations of the complaint. As separate defenses, the appellants urged (1) that the lease agreement was in fact a conditional sales contract, and (2) that the appellee had repossessed the equipment, and by so doing, had elected its remedy and should not be permitted to pursue this action for the debt. Motion for summary judgment was filed by the appellee supported by the affidavit of an officer of the appellee corporation. There was also filed an affidavit as to a reasonable attorney's fee executed by an attorney practicing law in Dade County. The appellant Edwards filed an affidavit in opposition to appellee's motion for summary judgment in which he contended that within ninety days of the execution of the lease, he had advised the appellee that Cutler could not continue business and that appellee should pick up its machine; that the appellee had made several calls from its California office to the affiant, advising that its agent would pick up the machine; that the machine was never used, was in good condition; and that the appellee had repossessed it. There is a further allegation in Edwards' affidavit to the effect that he had offered to pay rental on the machine up to the time of repossession by appellee. A second affidavit was filed by the appellee which more or less delineated the method by which it had arrived at the sum claimed. Upon the pleadings and the affidavits of the parties, the court entered summary final judgment in favor of the appellee for the amount claimed in the complaint, together with interest, costs and attorney's fees. This appeal followed.
The appellants contend that the appellee terminated the lease by repossessing the equipment and was therefore entitled only to rent accrued up to the time of the repossession. In addition, they urge that the lease agreement is in reality a conditional sales contract and that under the law applicable thereto, the holder of the contract cannot repossess the chattel and also pursue the purchaser for the debt.
We deem it unnecessary to discuss whether or not the lease agreement in the case sub judice is or is not a conditional sales contract. Suffice it to say that the repossession of the equipment was one of six alternatives granted appellee by paragraph 21 of the lease agreement. The alternative apparently elected by the appellee read as follows:
"21. Default. * * * b. To take possession of any or all of the equipment, wherever it may be located, without demand or notice, without any court order or other process of law, and without incurring any liability to the lessee for any damages occasioned by such taking of possession. * * *
"Notwithstanding any such action that lessor may take, including taking possession of any or all of the equipment, lessee shall remain liable for the full performance of all its obligations hereunder, provided, however, that if lessor in writing terminates this lease, as to any item of equipment, lessee shall not be liable for rent in respect of such item accrued after the date of such termination.
There is a further provision in the lease agreement, paragraph 15, which is as follows:
"Surrender. Upon the expiration or earlier termination of this lease, lessee, at its option, shall return the equipment in good repair, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment, to such place or carrier as lessor may specify."
*209 The appellee contends that it never terminated the lease and that until such termination the appellants were liable on the lease agreement and guarantee respectively. If the appellee, as it contends, was desirous of holding the appellants to the full amount provided under the terms of the lease, then the taking of possession of the equipment would be inconsistent with its asserted intention to hold the appellant-lessees for the full term of the lease. This is so because the lease (paragraph 21a) gives the appellee the alternative to "sue for and recover all rents and other amounts then due or thereafter accruing under this lease." Just as the owner of real property under lease has a right to terminate a lease and terminate the tenancy, likewise the lessor of personal property can exercise the same election. However, if he desires to hold the tenant or lessee to the terms of the lease, he must do so in recognition of the tenancy and not in derogation thereof. See Deringer v. Pappas, Fla.App. 1964, 164 So.2d 569.
A similar situation arose in Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., Fla.App. 1963, 151 So.2d 453. It was there held:
"Since the title to the leased property was reserved to the lessor-appellee, and the appellant was under an obligation by the terms of the leases to return the equipment upon a termination thereof, and did make an offer to return, the appellee's recovery should be limited to those payments which were due and in default at the time of termination. It would be inequitable and unjust to allow the appellee to have payment of all sums due under the leases and at the same time have the use and benefit of the leased property. See Transport Rental Systems, Inc. v. Hertz Corporation, Fla.App. 1961, 129 So.2d 454; see also Voges v. Ward, 98 Fla. 304, 123 So. 785."
The Monsalvatge case involves facts similar to those in the case at bar but differ only in that the lessor specifically terminated the lease on certain personal property. This difference, however, is not such as to create a distinction limiting the application of the principle there announced. Under the circumstances here, the appellee's damages should be limited to the rents accrued and in default at the time of surrender or repossession of the machine, together with interest, costs and attorney's fees.
In view of the opinions expressed, it follows that the judgment appealed should be and is hereby reversed.
Reversed.