316 So.2d 264 (1975)
Ralph E. BIDWELL, Petitioner,
v.
George Wesley CARSTENS, Jr., et al., Respondents.
No. 45549.
Supreme Court of Florida.
July 2, 1975.
*265 James M. Campbell, of Campbell & Mapp, Orlando, for petitioner.
Morton Kosto, of Friedman, Britton & Stettin, Orlando, for respondents.
PER CURIAM.
The case arises on a petition for writ of certiorari directed to the District Court of Appeal, Fourth District. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Appearing is a lease entered into between the petitioner, Bidwell as lessee, and Granite Auto Leasing Corporation as the lessor on a Ford Econoline van equipped with a high pressure cleaning unit. Petitioner paid the first and last two months' payments and took possession of the truck and cleaning equipment. Petitioner kept the unit from March 1970, until he returned it in August 1970; at which time petitioner testified that he owed approximately two months' payments.
After the truck was returned, it was leased to George W. Carstens, Jr., and an assumption agreement was entered into in which Carstens assumed all obligations of the original lessee, Bidwell. Carstens kept the power cleaning equipment and truck until December 1970, when he returned it with no outstanding payments due on the equipment. Three months later, in March 1971, Granite Auto Leasing notified petitioner by letter that the truck had been repossessed. At the time of the notification, eleven payments had been made against the lease.
Granite Auto Leasing held the truck until March 21, 1972, when it was finally sold. Shortly thereafter, Granite filed suit againt the petitioner seeking to declare the entire forty-eight payments on the lease due, and deducting the proceeds from the sale of the truck.
At the conclusion of a jury trial and the presentation of evidence, the trial court *266 granted a motion for a directed verdict for the respondent Granite Auto Leasing Corporation. The District Court of Appeal, Fourth District, per curiam affirmed, adopting the ruling of the lower court in holding that the petitioner was liable for the acceleration of the lease payments for the entire forty-eight-month period.
The sole issue presented for our determination is whether the trial court erred in applying the rule of law found in Chandler Leasing Division, etc. v. Florida-Vanderbilt Development Corp., 464 F.2d 267 (5th Cir.1972).
The petitioner contends that the court should be bound by the decisions in Cutler Gate Building Corp. v. United States Leasing Corp., 165 So.2d 207 (Fla.App.3d 1964); and Monsalvatge and Company of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla.App.3d 1963). These decisions require that when a default has occurred on a lease, the lessor may not recover both the amount of the unpaid balance on the lease and have the beneficial use of the property for the remaining term of the lease. This would clearly give the lessor a windfall, for under such a ruling the lessor would be entitled to a double recovery in the event of a default.
The respondent contends that this case clearly falls under the ruling in Chandler, supra, wherein the federal court conceding that double recovery was against public policy, stated that the decisions in Cutler-Gate and Monsalvatge did not establish the limited rule that only rentals in default could be recovered. Chandler clearly permits the parties to contract for any reasonable damages in the event of default.
"These cases cannot be interpreted to lay down the per se rule that irrespective of whatever contractual damage provision the parties may have agreed upon, only rentals in default could be recovered. Such a rule would not only conflict with the right of contracting parties to obligate themselves as they wish, but it would also be inconsonant with sound reason." Id at 270.
The question then becomes whether the contract clause providing for damages in the event of default in this case can be in accord with the requirement of Chandler, that is a reasonable contractual obligation or that of Cutler-Gate, an opportunity for double recovery, by the lessor.
Section 14 of the lease in Chandler deals with the procedure to be used in the event of default. It specifically provides:
"[L]essor may take possession of any or all of said equipment, wherever it may be located without demand or notice, without any court order of process of law, and without incurring any liability to lessee for any damages occasioned by such taking of possession. Lessor shall make such efforts as are reasonable in the circumstances, at its option either to sell any or all of the terminated equipment at public or private cash or credit sale, or to re-let the same. .. ." Id at 269
Under these terms it is clear that after repossession, the lessor was required to take affirmative steps either to sell or re-let the chattel, and all proceeds received from the sale or re-letting was a credit against the damages. Such a clause is a reasonable damage provision that competent contracting parties are completely free to negotiate about and accept or reject.
The terms in the printed form contract Paragraph 12  Defaults, in this case substantially provide:
"... Lessor may sell the vehicle at wholesale as provided in Paragraph 4 hereof, or at its option, may retain the vehicle and for purposes of computing the additional rental or credit due pursuant *267 to Paragraph 4 hereof, it shall use the then prevailing wholesale book value of the vehicle, as determined in accordance with the existing automobile industry practice." (Emphasis supplied.)
Clearly this provision gives the lessor the option to hold the chattel and use the chattel during the term of the lease remaining after default and at the termination of that period demand the full rents. Further, this provision can be interpreted to state that the credit due the lessee, in the event the lessor holds the chattel and uses the same for the remaining term, is the value of the chattel according to the wholesale book value at the time of the termination of the lease period. This is precisely the double recovery which the Third District Court found so repulsive in Monsalvatge when it said:
"... It would be inequitable and unjust to allow the appellee to have payment of all sums due under the leases and at the same time have the use and benefit of the leased property." 151 So.2d 453, 455.
The lessee under this provision would not reasonably foresee the possibility of double recovery during the contract negotiation nor was the lessee in a position to freely negotiate. A cursory review of the contract shows that it is an "all or nothing," "take it or leave it" contract precluding any free negotiation.
Since the lessor held the chattel for a determinate period after the repossession from the second lessee and had the beneficial use for that period, the measure of damages sustained by the lessor, as determined by the trial court is in error. Under the circumstances, the beneficial possession by the lessor for approximately one year after repossession must be credited to the damages accruing because of the default.
In view of the opinion expressed, it follows that the judgment appealed should be and is hereby reversed and remanded with directions to credit the damages assessed against petitioner as indicated and recalculate the measure of damages accordingly.
It is so ordered.
ADKINS, C.J., ROBERTS, BOYD, McCAIN and OVERTON, JJ., and DuVAL and HARTWELL, Circuit Judges, concur.