ANSTEAD, Judge.
This is an appeal from an order striking the claim of the appellant, The Christian Broadcasting Network, Inc., against the ap-pellee, Sun World Broadcasters, Inc., whose assets are in receivership as a result of dissolution proceedings. We reverse.
The trial court entered an order requiring claims against Sun World to be filed within four months. RCA Corporation filed a claim, based on the breach by Sun World of a lease of broadcasting equipment, within the proper time. Thereafter, RCA assigned its claim to the Christian Broadcasting Network. Subsequently, without proper notice, the trial court granted the receiver’s motion to strike Christian’s claim. The trial court held that Christian’s claim was a contingent claim and therefore not a proper claim in receivership proceedings. This conclusion was apparently based on the fact that RCA Corporation, who had assigned the claim in question to Christian, had previously secured a summary judgment against Sun World for breach of the lease in question, but had only then been awarded the right to possession of the leased equipment with the court reserving the right to determine any damages, attorneys fees or costs, on subsequent motion by RCA. Because no damages had yet been determined in the action for breach of lease as of the date the claim was filed, the trial court concluded:
In consideration of these findings, the court concludes and is of the opinion that the dócument filed by RCA Corporation is not a claim within the meaning of Section 607.284, Florida Statutes. It is a notice of an intention regarding a contingent unliquidated amount the right to which had not yet been determined.
The claim was stricken without an eviden-tiary hearing.
Neither the statute, Section 607.284, Florida Statutes (1975), or the court order requiring claims to be filed, contains any requirements as to the form of the claim to be filed. The court order only required the claim to be sworn and to be filed by a certain date. Christian’s claim complied with both requirements. Having done so Christian is entitled to have its claim heard on the merits. The receiver is entitled to object to the claim and indeed, in his report filed just prior to the hearing on the motion to strike he stated:
The Receiver intends to file an objection to RCA’s notice of its claim for rent on the grounds that it is estopped by its oral promise not to claim a deficiency if its equipment would be sold as a part of the Receiver’s sale of the Sun World assets. The Receiver will also contend that RCA did not sell its equipment in a commercially reasonable manner, and that its notice of a contingent claim is deficient, because it does not state a certain amount.
We believe that for these issues to be resolved, along with any others properly raised by the receiver, an evidentiary hearing with reasonable notice thereof is required.
The grounds relied on by the trial court in striking the claim as a contingent claim are not supported by the record because the lease which forms the underlying basis for the claim is not in the record and there is nothing else in the record to establish whether the claim is contingent, unliquidat-ed or liquidated. See Pennsylvania Steel Co. v. New York City Ry. Co., 198 F. 721 (2d Cir. 1912).
Accordingly, the order of the trial court of March 29, 1977 is reversed with directions for further proceedings consistent with this decision.
DAUKSCH and LETTS, JJ., concur.