HURLEY, Judge,
concurring.
Since the Commission on Ethics expressly found that the complaint herein was not frivolous or without basis in law or fact, the Court does not reach the Commission’s finding that Richard C. Bone acted without *343 malicious intent.[1] I, too, will not delve into that finding but, for future guidance, I believe it is appropriate to point out that when a complaint is filed by a person acting in a representative capacity, as was the case here, any inquiry into malicious intent would have to encompass the mind-set of the sponsoring group or organization; it should not be limited to a consideration of the agent or representative’s personal motivation, In the case at bar, the record reflects that the complaint was filed by “Richard C. Bone, Treasurer, representing Mobile Home Park Owners and Dealers of Martin Co., Inc.” Furthermore, it is conceded that the association, by duly enacted resolution, authorized Mr. Bone’s action. Thus, on the issue of malicious intent, I believe that the commission erred by imper-missibly restricting its inquiry to Mr. Bone’s motivation as opposed to that of the owners and dealers association.
Second, the Commission erred when it denied appellant, the person complained against, the right to introduce into evidence depositions of various officers and board members of the complainant association. The fact that the deponents were present at the hearing was irrelevant. Fla.Admin. Code Rule 34-10.19(4)(d) states in part:
The Commission shall not allow the introduction into evidence of an affidavit of a person when that person can be called to testify; this shall not preclude the admission of a deposition of such person, however, for any reason permissible in a court of law under the Florida Rules of Civil Procedure.
In turn, Rule 1.330(a)(2), Fla.R.Civ.P., provides:
The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a person designated under Rule 1.310(b)(6) or 1.320(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency that is a party may be used by an adverse party for any purpose.
The very same contention was placed before the court in Monsalvatge and Company of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla. 3rd DCA 1963). There the trial court had denied the admission of an officer’s deposition because the witness was present in the courtroom. The appellate court reversed, finding clear error and noting that “(t)he use of such a deposition is not conditioned upon the availability of the deponent.” Id. at 455.
Though I believe these errors are serious, I concur in the opinion of the Court because I conclude that the Commission’s threshold finding of nonfrivolousness is founded upon substantial competent evidence which therefore precludes recovery of costs and attorney fees.

. Section 112.317(8), Florida Statutes (1979).