ORFINGER, Judge.
The Christian Broadcasting Network (CBN) appeals an order determining its claim against the appellee, Sun World Broadcasters, Inc. (SUN), whose assets are in receivership as a result of corporate dissolution proceedings.[1]
CBN’s claim against SUN arose from a judgment obtained by it in the Federal District Court for the Middle District of Florida, based on the assignment to CBN by RCA Corporation (RCA) of a lease covering television broadcasting equipment under which SUN, as lessee, had defaulted. The judgment awarded CBN and RCA the sum of $1,154,104.72 as present and future damages under the defaulted lease. Simultaneously with the assignment of the lease, RCA also sold the repossessed equipment to CBN.
In determining the amount of CBN’s claim to be allowed in this receivership proceeding, the trial court deducted the sum of $75,856.64, representing interest included in the judgment up to the time the receiver was appointed and further reduced the judgment by $426,724.47, which was the amount received by CBN because of a subsequent sale of some of the broadcasting equipment. The trial court thus allowed CBN a total of $651,523.11, ordered that this claim would bear no interest and that CBN would be paid last after all other creditors were paid. It is from this order that CBN appeals. We reverse.
Appellant’s first point questions the right of the receivership court to reduce the amount of the judgment rendered by the Federal Court and on which CBN’s claim is based. Appellant contends that its claim must be recognized in its full amount and that the receivership court is not at liberty to disregard certain elements of the judgment or to reduce the judgment. Appellant relies on Bidwell v. Carstens, 316 So.2d 264 (Fla. 1975), for the proposition that in Florida, the formula for damages for breach of a *1154 lease agreement is all past damages prior to breach, plus the present value of future lease payments, diminished by any beneficial use which the lessor has had of the property and any amounts which the lessor has received by virtue of the sale of the repossessed property.[2] Appellant says that since the federal court had reduced the damages by the amount of the sale price of the equipment from RCA to CBN, the receivership court had no authority to reduce it further when CBN sold some of the same equipment to a subsequent purchaser.
When the nature and amount of the claim have been conclusively determined by a court of proper jurisdiction, the claim may not be relitigated by the receivership court. Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). But, says, appellee, the receivership court here did have the right to reduce CBN’s claim on the theory of “equitable subordination”, citing Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). In Pepper, however, the Supreme Court was discussing fraudulent claims, claims designed to defraud creditors. This is further explained in Kapp v. Naturelle, Inc., 611 F.2d 703 (8th Cir. 1979), where the court summarized the cases thusly:
As a general rule, in allowing and disallowing claims of creditors, bankruptcy courts are required to give res judicata effect to prior judgments of non-bankruptcy courts. . . . Thus matters previously adjudicated between the same parties by a court of competent jurisdiction may not be relitigated in the bankruptcy court. It is, however, well established that bankruptcy courts are courts of equity with broad powers to disallow or subordinate claims when equitable considerations warrant. . . . Hence, a claim which has been reduced to judgment may nevertheless be challenged on the ground that the rendering court lacked jurisdiction, or because the judgment was procured by fraud or collusion, (emphasis added).
Id. at 708.
There is no issue of fraud or collusion in this case. Appellee nevertheless supports the theory of equitable subordination by saying that it would be inequitable to ignore the $426,724 which CBN received when it sold certain of the assets, and that under the doctrine of Bidwell, the receivership court was correct in deducting this amount from the judgment. This argument overlooks the fact that the Federal Court had already reduced the judgment by $900,000, which was the sale price of the assets from RCA, as repossessor, to CBN as purchaser. We find no authority for the receivership court to reduce the claim further just because the purchaser later sold some of the purchased assets. The reason for the deduction when the lessor sells the repossessed equipment is to prevent a double recovery or a windfall to the lessor. Bidwell at 266. This reasoning does not apply to the purchaser of the equipment. Neither should the lessee receive a double recovery (i. e., a double reduction) because there has been a subsequent sale by the purchaser. Thus, an accounting had already been made of the amount received from the sale of the equipment after repossession, and CBN should not have been required to account further for any subsequent sale by it.
CBN also contends that the trial court had no authority to deduct from the judgment the amount included in it as interest *1155 up to the time the receiver was appointed and that the trial court should also have allowed interest on the claim.
With regard to the interest included in the judgment, it is generally held that when a verdict liquidates a claim and fixes it as of a certain date, interest should follow from that date. Behm v. Division of Administration Dept. of Transportation, 383 So.2d 216 (Fla. 1980); English and American Insurance Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969); Huntley v. Baya, 136 So.2d 248 (Fla. 3d DCA 1962). Thus there was no reason not to include interest in the federal court judgment. With respect to its allowance in the receivership after the receiver was appointed, the general rule is that unless sufficient funds are available, no interest is payable on claims filed against a bankrupt as of the date of bankruptcy. In re Central Railroad Co. of New Jersey, 479 F.2d 424 (3 Cir. 1973). However, if sufficient funds exist to pay interest on all claims in bankruptcy, interest should be permitted. Bankers Trust Co. v. Florida East Coast Ry. Co., 31 F.Supp. 961 (S.D. Fla. 1940).
Appellee admits the receivership will remain with a net of $608,476 after all claims are paid, or, if the amount of CBN’s claim is reversed, a net of $105,895. Appel-lee’s argument here seems to be that there is no “fund” from which to dispense interest, because the net remaining assets should go to the stockholders. Section 607.277(2), Florida Statutes (1979) provides, inter alia, that “the assets of the corporation or the proceeds resulting from the sale, conveyance, or other disposition thereof shall be applied to the expenses of such liquidation and to the payment of the liabilities and obligations of the corporation, and any remaining assets or proceeds shall be distributed among its shareholders according to their respective rights and interests.” Ap-pellee’s argument overlooks the fact that receiverships are supposed to be conducted primarily for the benefit of the creditors and secondarily for the benefit of the stockholders. The Christian Broadcasting Network, Inc. v. Turner Communications Corporation, supra. The record here reveals that there is a fund out of which to pay interest on the claim, and interest should not have been disallowed. It appears from the record that other creditors have agreed to forego interest, but it is clear that the appellant did not. On remand, the trial court should reevaluate the claims and allow interest to appellant and to any creditor who is entitled thereto, as the assets of the receivership will allow.
Finally, we find no authority for that portion of the court’s order which provided that this appellant would be the last creditor to be paid. We find no basis upon which the appellant should stand in any different position than any other creditor. CBN wears two hats in this litigation. One is as the assignee of RCA’s lease, thus as a judgment creditor based on the lease. The second is as a purchaser from RCA of the repossessed equipment. As it attempts to enforce the judgment, CBN stands in the shoes of RCA, its assignor. This position is in no way affected by the fact that it was also the purchaser of the repossessed assets, so a subsequent sale of some of the purchased assets does not affect its position as a judgment creditor and should not be held against it.
Summarizing, that portion of the trial court’s order deducting from CBN’s judgment the amount of $426,724.47 is reversed, and that amount is ordered restored to the judgment. That portion of the order deducting $75,856.64, representing interest up to the time the receiver was appointed is also reversed and is ordered restored to the judgment. On remand, the trial court shall determine the availability of assets from which to pay interest on claims, including appellant’s, and to allow such interest thereon as the availability of funds will permit. Finally, that portion of the trial court’s order placing the appellant in a different position than other creditors is reversed, and the trial court is directed to provide for payment of the appellant’s claim as for any other creditor.
REVERSED and REMANDED for further proceedings consistent herewith.
DAUKSCH, C. J., and COBB, J., concur.

. Appellant’s claim has twice before been considered in appellate proceedings. For additional background, see The Christian Broadcasting Network, Inc., v. Sun World Broadcasters, Inc., 353 So.2d 560 (Fla. 4th DCA 1977); The Christian Broadcasting Network, Inc. v. Turner Communications Corporation, 368 So.2d 1345 (Fla. 4th DCA 1979).

. The Federal District Court did follow Bidwell v. Carstens, and determined damages to equal $2,386,887.72, broken down as follows:
(1) $1,195,776 as present value as of March 17, 1977, of the lease payments in default, including 15% simple interest [$28,026].
(2) $47,830.64 interest at 6% on (1) from March 17, 1977, to Nov. 17, 1977.
(3) $1,098,145 present value as of Nov. 17, 1977, of future payments under the lease;
(4) $15,136.08 RCA cost of removal and repossession of equipment;
(5)$30,000 attorney’s fees.
The following were deducted from gross damages by the District Court:
(a) $900,000 sale price of repossessed equipment to CBN;
(b) $77,539 security deposit paid by SUN;
(c) $40,000 payments on another lease;
(d) $215,244 value of RCA’s beneficial use of the repossessed equipment, including 15% simple interest.