431 So.2d 676 (1983)
BAGEL BREAK BAKERY, INC., a Florida Corporation, and Dominic Geloso, Appellants,
v.
BAGELMAN'S, INC., a Florida Corporation, Appellee.
No. 82-1159.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearings Denied June 13, 1983.
Bradford I. Webb, Coral Springs, for appellants.
Richard W. Epstein of Graham, Hodge & Scholnik, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Bagel Break Bakery, Inc., seeks reversal of a final judgment for $41,975.64 in favor of Bagelman's, Inc. The judgment arose out of a suit commenced by Bagelman's based upon two promissory notes, one for $7,000, the other for $50,000. The parties stipulated that the balances due on the notes was $6,400 and $46,594.61 respectively. The $50,000 note was secured by a lien on certain baking equipment sold by Bagelman's to Bagel Break. While the notes were in default, the landlord locked Bagel Break out of the premises. Thereupon, Bagelman's, Inc., obtained entry and sold the equipment, receiving therefor $15,500.
The evidence reflects that, prior to selling the equipment, which was the subject of the security interest, the only notice given to Bagel Break was by Bagelman's lawyer who called Bagel Break's lawyer to tell him they were going to sell the equipment "shortly." In fact, they sold it two days later.
*677 Section 679.504(3), Florida Statutes (1981), requires reasonable notification of the time after which any private sale or other disposition is to be made of the property. We hold that under the circumstances of this case two days notice is not reasonable. Failure to give notice does not vitiate the sale, but it precludes the creditor from recovering a deficiency. Hepworth v. Orlando Bank & Trust Company, 323 So.2d 41 (Fla. 4th DCA 1975); Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534 (Fla. 2d DCA 1973). Since the notice of sale here involved was not reasonable, Bagelman's, Inc., is not entitled to recover a deficiency on the $50,000 note.
Accordingly, we reverse the judgment appealed from and remand the cause with directions to enter a new judgment for Bagelman's, Inc., for $6,400, the balance due on the $7,000 note, and reassess attorney's fees based on that note only.
REVERSED AND REMANDED with directions.
DELL and WALDEN, JJ., concur.