465 So.2d 570 (1985)
FENCE WHOLESALERS OF AMERICA, INC., Mario Auricchio, and Lise Auricchio, Appellants,
v.
BENEFICIAL COMMERCIAL CORPORATION, Appellee.
No. 83-1497.
District Court of Appeal of Florida, Fourth District.
March 13, 1985.
Richard D. Heller of Niles, Dobbins & Heller, Fort Lauderdale, for appellants (withdrawn as counsel after brief was filed).
R. James Pelstring of Robey & Pelstring, P.A., Miami, for appellee.
GLICKSTEIN, Judge.
This is an appeal of separate final judgments in an identical amount against each of the three appellants, and of an order taxing costs and attorney's fees to them. We affirm in all respects except attorney's fees, the judgment for which we remand for reduction by the amount which represents an award for travel time, when there was no showing a competent local attorney could not be obtained. Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589 (Fla. 4th DCA 1983); Chandler v. Chandler, 330 So.2d 190 (Fla. 2d DCA 1976).
*571 A dealer arranged a sixty month lease-purchase agreement for a truck tractor between lessee Fence Wholesalers of America, Inc. and lessor Parliament Leasing Corporation, a subsidiary of Beneficial Commercial Corporation. Mario and Lise Auricchio were individually guarantors for the lessee.
After the lease had been in effect for about a year, appellants' counsel notified Beneficial by letter that his client could no longer make payments on the lease or retain possession of the tractor, but that Fence Wholesalers had located a buyer for the tractor for $32,000 provided the appellants were completely released from the terms of the lease. The letter said further that if these terms were not satisfactory Beneficial should repossess the vehicle, as his clients would make no further payments.
Beneficial rejected the purchase offer because, according to its litigation coordinator, Beneficial was unwilling to release the lessee and the guarantors. Beneficial caused the dealer's salesman to pick up the tractor. The salesman signed a receipt, prepared by Fence Wholesalers' employee on counsel's advice, saying the undersigned terminates the lease and any further obligations of Fence Wholesalers. Shortly thereafter the dealer privately purchased the truck from Beneficial for $30,000. There was no notice to Fence Wholesalers or the guarantors of Beneficial's intention to sell. Mario Auricchio testified he understood from telephone conversations with Parliament Leasing in Morristown, New Jersey, that they would not release him or his company from the lease purchase agreement terms unless they were satisfied in full; he expected Parliament would pick up the tractor, and he did not think the dealer's salesman who picked up the tractor was Parliament's agent. Auricchio said he did not know what effect the salesman's signing of the receipt would have.
Beneficial sued for the rent for the remainder of the term of the lease, less the proceeds of the tractor sale. After non-jury trial the court entered separate final judgments in the amount of $20,830 against each of the three defendants.
According to the lease agreement, in the event of default the lessor could choose one or more of several stated remedies including (a) take possession of the equipment without releasing the lessee from its obligation to pay the rent due under the agreement; (b) sell the equipment at public or private sale, in which event the lessee's obligation to pay monthly rent would cease to accrue; (c) hold, keep idle or lease the equipment to others, with any lease proceeds to be credited against the lessee's rent obligation. The agreement listed two additional stated remedies, as well as exercise of any other remedies available at law.
If Beneficial had been granted recovery under more than one of the stated remedies, that could have constituted a double recovery, depending on what combination of remedies was selected. Such double recovery is unlawful because repugnant to public policy. See Bidwell v. Carstens, 316 So.2d 264 (Fla. 1975); Cutler Gate Building Corp. v. United States Leasing Corp., 165 So.2d 207 (Fla. 3d DCA 1964); and Monsalvatge and Company of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla. 3d DCA 1963). However, by its terms, "[a] lease, whether of real or personal property, may create or defeat the right to the value of the lease as damages even upon return of the property." Wolf v. Buchman, 425 So.2d 182, 184 (Fla. 3d DCA 1983); see also Chandler Leasing Division, Pepsico Service Industries Leasing Corp. v. Florida-Vanderbilt Development Corp., 464 F.2d 267 (5th Cir.), cert. denied, 409 U.S. 1041, 93 S.Ct. 527, 34 L.Ed.2d 491 (1972) (where lease provided that lessee remain liable for all rents upon default, lessor's repossession of the property was no bar to an action for post-possession rent payments). Lease transactions could become hopelessly one-sided if the lessee could walk away from the agreement liable only for payments already in default. There is no per se rule that the lessor's recovery of the leased property precludes *572 recovery of prospective rents under the lease. See 425 So.2d at 185.
We think the trial court correctly found that the lessor had not selected remedy (b), as the defendants claimed. There was competent testimony appellee's rejection of sale of the tractor to the buyer proposed by the appellants was based on appellee's unwillingness to release appellants from further obligations under the lease. Such release was a condition of the offer transmitted by appellants to appellee. Remedy (a), as stated earlier, permitted the lessor to regain possession of the tractor and still hold the lessee for all rent for the remainder of the lease term. Deduction of the tractor's sale proceeds from the amount of rent still owing constituted proper mitigation of damages under our law. Appellants' contention that sale to the buyer they had proposed would have mitigated to a greater degree than the sale actually made is incorrect. Appellants attempt to equate apples and oranges; their buyer offered $32,000 provided appellants were freed of all further obligation under the lease agreement.
The lease states in large type on its first page that the lessee gets no right, title or interest in the equipment save that of a lessee. By the very terms of section 679.408, Florida Statutes (1983), Beneficial's filing of a financing statement is not of itself a basis for determining that the lease was intended as a security agreement. Beneficial's litigation coordinator testified Beneficial habitually files financing statements in order to show ownership of the property, and not as a creditor, and that such was the case in this instance. This evidence was a sufficient basis to conclude that the subject lease was not intended to be a Florida Statutes Chapter 679 secured transaction. Hence, contrary to a contention of the appellants, notice to the defendants prior to the tractor's sale was not required, and the private sale of the tractor had no effect on the lessor's right to seek a deficiency judgment. Cf. Bagel Break Bakery, Inc. v. Bagelmans, Inc., 431 So.2d 676 (Fla. 4th DCA 1983).
We detect error only in the amount of attorney's fees awarded, as indicated at the beginning of this opinion.
BARKETT, J., concurs.
WALDEN, J., concurs in part and dissents in part with opinion.
WALDEN, Judge, concurring in part and dissenting in part.
I concur in the decision to reverse and remand the award of attorney's fees for a reduction as concerns travel time. I dissent as to the affirmance of the remaining issues. I would reverse because the trial court employed the wrong measure of damages.
Fence Wholesalers of America, Inc., leased with option to purchase a truck tractor from Beneficial Commercial Corporation. The Auricchios guaranteed the lease payments. Sometime later during the term of the lease, Fence Wholesalers became unable to make the payments. Beneficial then repossessed the tractor and sold it at a private sale without notice for $30,000.
Beneficial sued on the written lease-purchase agreement for all unpaid monthly lease payments and received judgment for $40,830, apart from attorney's fees and costs, against Fence Wholesalers and the Auricchios. The judgment sum represented all unpaid lease payments during the whole term of the lease, less the sale proceeds of $30,000. In my opinion, the lease terminated, making Fence Wholesalers no longer liable for lease payments, when Beneficial sold the tractor to another. If this be true, then the judgment is clearly in error.
My view is based on the written lease which provided, in pertinent part, as concerns Beneficial's remedies in case of default by Fence Wholesalers, that Beneficial could "(b) sell the equipment at public or private sale, free of any rights of Lessee and without any duty to account to Lessee with respect to such sale of the proceeds thereof; in which event Lessee's obligation to pay monthly rent hereunder shall *573 cease to accrue." (Emphasis added.) See also Wolf v. Buchman, 425 So.2d 182 (Fla. 3d DCA 1983); Bidwell v. Carstens, 316 So.2d 264 (Fla. 1975); Cutler Gate Building Corp. v. United States Leasing Corp., 165 So.2d 207 (Fla. 3d DCA 1964); and Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla. 3d DCA 1963).
The actions speak for themselves and are not disputed. Beneficial took possession of the tractor and sold it, which facts fit exactly into remedy "b" of the lease. I am at a loss to understand how the trial court and this court can just ignore the language there found, "in which event Lessee's obligation to pay monthly rent hereunder shall cease to accrue" and approve a recovery by Beneficial of rents accruing after repossession and sale.
I would reverse the judgment as to the measure of damages and remand.