# GENERAL MOTORS ACCEPTANCE CORPORATION v UTTAL

## Case No. N-85-2883-C

County Court, Palm Beach County

June 24, 1985

### APPEARANCES OF COUNSEL

**James E. Copeland** for plaintiff.

**Bruce Parrish, Jr.** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on June 6, 1985. Based on the sworn testimony of witnesses and exhibits introduced into evidence, the Court makes the following findings of fact and draws the following conclusions of law.

GMAC seeks to recover a deficiency judgment against Defendant. The sole issue for this Court's determination is whether GMAC has proven appropriate notice of a private sale pursuant to Section 679.504(3), Florida Statutes (1983).

On August 4, 1983, GMAC and Defendant entered into a Retail Instalment Sale Contract by which Defendant financed his purchase of a Cadillac. In the Contract, Defendant listed his address as "717 N. U.S. 1, Jupiter, Fl. 33458." Defendant made no payments to GMAC. GMAC repossessed the car on December 28, 1983.

GMAC's witness was its collection manager, Charles Corley. Corley was intimately familiar with GMAC's office practices regarding collections in December, 1983. He produced a carbon copy of a letter dated December 29, 1983. The letter was addressed to Defendant at the Jupiter address listed on the Contract. The letter indicated where the car was being held and gave Defendant the option of bringing the account current and getting the car back. The letter stated that the car would be held until January 11, 1984, after which it might have been sold or leased. GMAC routinely sent out a similar notice letter "any time a vehicle was repossessed." Corley testified that it was the office practice of GMAC to actually mail the original of the notice letter on the date specified in the letter. Corley did not know whether Defendant received the letter. No letter to Defendant was ever returned to GMAC. GMAC could not produce a receipt indicating delivery of the letter. Defendant did not recall receiving the notice.

GMAC sold the car at a private sale on February 3, 1984, resulting in a deficiency of $4,099.41.

Defendant contends that GMAC failed to prove proper notice pursuant to Section 679.504(3). Failure to provide such notification would be a complete bar to a deficiency judgment. *E.g., Bagel Break Bakery, Inc. v. Bagelman's, Inc.*, 431 So.2d 676 (Fla. 4th DCA 1983); *Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc.*, 427 So.2d 1042, 1046 n. 10 (Fla. 4th DCA 1983).

Plaintiff established by a preponderance of the evidence that it mailed the notice in question. Evidence of a business' routine office practice concerning the mailing of letters is admissible to show that a specific letter was mailed. *Brown v. Giffen Industries, Inc.*, 281 So.2d 897, 900 (Fla. 1973); *Home Insurance Company v. C & G Sporting Goods*, 453 So.2d 121, 123 n. 3 (Fla. 1st DCA 1984); Section 90.406, Fla. Stat. (1983). Against this rule of evidence, Defendant's complaints that Corley had no personal knowledge of this particular mailing are ineffective. Nothing in the evidence suggested that Corley was not qualified to testify to GMAC's routine mailing practices, *see*, Alexander v. Allstate Insurance Co., 388 So.2d 592, 593 (Fla. 5th DCA 1980), or that such procedures were not followed here.

Having established that notice was mailed, Plaintiff did not have to

prove that Defendant actually received it. With respect to a private sale of collateral, Section 679.504(3) requires that

> . . . reasonable notification of the time after which any private sale or other intended disposition is to be made . . . be sent by the secured part to the debtor. . .

Under the Code's definition of "send", the act of sending a notice is complete once it is deposited in the mail with appropriate postage. Section 671.201(38), Fla. Stat. 1983. There is no requirement under the Code that the debtor actually receive the notice. White and Summers, *Uniform Commercial Code* Section 26-10 (2nd ed. 1980). The notice was addressed to Defendant at the address listed on the Contract. GMAC had never used another mailing address in dealing with Defendant. Nothing in the evidence indicated that GMAC knew or should have known of another address where notice might have been sent to insure receipt by Defendant. Generally, a secured party should send notice to a debtor at the address listed on the underlying note or agreement, in the absence of special circumstances demonstrating that notice should be sent elsewhere. *See*, Section 671.201(38), Fla. Stat. (1983); *Barnett Bank of Tallahassee v. Campbell*, 402 So.2d 12, 13 (Fla. 1st DCA 1981). It is

ORDERED AND ADJUDGED that Plaintiff, GENERAL MOTORS ACCEPTANCE CORPORATION recover from Defendant, CONRAD C. UTTAL, the sum of $4,099.41 in principal, $1,331.25 in interest, with costs of $50.00, making a total of $5,480.66, that shall bear interest at a rate of 12% a year, for which let execution issue.