PER CURIAM.
This is an appeal by the plaintiffs Edward Gadinsky and Gadco Ocala 202, Inc. from a final order dismissing their breach of contract claims against the defendant Mellon Bank, N.A. Contrary to the plaintiffs’ arguments, we agree with the trial court that the contract claims failed to state a cause of action for breach of the collateral agreement between the parties given to secure a portion of a loan made by the bank to Garden East Plaza, Ltd.; we accordingly affirm.
The collateral agreement provided that upon payment of a $1.5 million secondary portion of a two-stage loan to the defendant bank, the collateral given to secure this loan would be returned to the plaintiffs. Without dispute, Garden East Plaza, Ltd. defaulted on the entire loan it received from the bank, and the plaintiff Edward Gadinsky defaulted on his personal guaranty for such loan. Upon this default, the bank cashed the $1.1 million letter of credit previously given to secure the $23.4 million primary portion of the subject loan and applied it to reduce the amount due and owing on that portion of the loan. Because the $1.5 million secondary portion of the loan was never repaid, we conclude that, as a matter of law, the plaintiffs were not entitled to the return of their collateral on that part of the loan. Moreover, we cannot agree that the defendant bank should have applied the proceeds of the letter of credit to the $1.5 million secondary portion of the loan, as this is clearly contrary to the terms of the underlying loan documents. The letter of credit was given to secure the $23.4 million primary portion of the loan, not the $1.5 million secondary portion of the loan. City Nat’l Bank v. Citibank, N.A., 373 So.2d 703, 707 (Fla. 3d DCA 1979) (quoting State v. Wesley Constr. Co., 316 F.Supp. 490, 495 (S.D.Fla.1970), aff'd, 453 F.2d 1366 (5th Cir.1972)); see Townsend v. First Fed. Sav. & Loan Ass’n, 153 Fla. 535, 15 So.2d 199, 200 (1943); Ross v. Savage, 66 Fla. 106, 63 So. 148, 155 (1913); Jerry’s, Inc. v. City of Miami, 591 So.2d 1000, 1001-02 (Fla. 3d DCA 1991); Izadi v. (Gus) Machado Ford, Inc., 550 So.2d 1135, 1138 (Fla. 3d DCA 1989); South Fla. Beverage Corp. v. Figueredo, 409 So.2d 490, 495 (Fla. 3d DCA 1981), rev. denied, 417 So.2d 329 (Fla.), cert. denied, 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 146 (1982); Transport Rental Sys., Inc. v. Hertz Corp., 129 So.2d 454, 456 (Fla. 3d DCA 1961).
Affirmed.