NITRAM, INC., Plaintiff,

v.

INDUSTRIAL RISK INSURERS, et al., Defendants/Third–Party Plaintiffs,

v.

MAN GUTEHOFFNUNGSHUETTE GMBH, Dresser Industries, Inc., et al., Third–Party Defendants.

No. 85–1770–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

March 15, 1994.

Charles W. Pittman, Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for Nitram, Inc.

R. Dennis Withers, Robins, Kaplan, Miller & Ciresi, Atlanta, GA, for Industrial Risk Insurers.

John L. O'Donnell, Jr., Dewolf, Ward, O'Donnell & Hoofman, P.A., Orlando, FL, for ISI, American Home Assur., Barnard and Burke Group, Inc., Employers Ins. of Wausau and Barnard & Burke Engineers & Constructors.

### ORDER ON MOTION FOR ATTORNEYS' FEES

KOVACHEVICH, District Judge.

This cause is before the Court on Motion for Attorneys' Fees and Costs, filed by Barnard and Burk Engineers & Constructors, Inc. ("BBEC"), Barnard and Burk Group, Inc, ("Barnard and Burk"), and Industrial Risk Insurers ("IRI"), (collectively the "Respondents"), filed on July, 23, 1993 (Docket No. 555) and The response thereto filed on July 30, 1993 (Docket No. 557).

### FACTUAL BACKGROUND

On July 13, 1993, this Court entered an Order Awarding Rule 11 Sanctions to Barnard and Burk (Docket No. 554) against MAN GUTEHOFFNUNGSHUETTE GmbH (hereinafter referred to as "MAN GHH") and its counsel. Respondents were ordered to file with this Court, an accounting of all costs, fees, and expenses for which compensation was claimed pursuant to the sanctions ordered.

Pursuant to the Order Awarding Attorneys' Fees, Respondents accordingly filed their Motion for Attorneys' Fees. Respondents also filed an Affidavit of Attorney's Services Performed and Costs Incurred, and an Affidavit of a third party attorney referencing the reasonableness of the requested fees.

The amount requested by Respondents, as noted in their Motion, include $6,315.000 in attorneys' fees, and $182.33 in costs in de-

fending Respondents from MAN GHH's Motion for Preliminary Injunction. Attorneys John L. O'Donnell, Jr. (hereinafter JOD) and Robert S. Hoofman (hereinafter RSH), claim they spent 42.1 hours defending MAN GHH's Motion for Preliminary Injunction. JOD and RSH billed Respondents at an hourly rate of $150.00 and multiplied this hourly rate by 42.1 hours to reach the total of $6,315.00, plus costs noted above.

Additionally, Respondents request $3,225.000 in reimbursement for the cost of preparing and filing their Motion for Rule 11 Sanctions, supporting Memoranda, and costs of $34.26. JOD and RSH spend a total of 21.5 hours on the Motion for Sanctions. JOD and RSH again, simply multiplied their rate of $150.00 by these 21.5 hours for to reach the total of $3,225.00 plus costs noted above. The amount requested by Respondents totals $9,540.00 in fees and $216.59 in costs.

MAN GHH filed a Response to Respondents Motion for Attorneys' Fees and Costs on July 30, 1993. MAN GHH did not object to the methodology employed by Respondents in calculating the attorneys' fees nor to the fee billing rates. However, MAN GHH objects specifically to two fee entries in Respondents' fee schedules.

As noted in MAN GHH's Response, it objects to some "redundant review time" it claims is contained in Respondents' "Schedule A—Attorneys' Fees". JOD entered 7.5 hours of billing time on November 9, 1992 for services provided in preparing the Response to MAN GHH's Motion for Preliminary Injunction. MAN GHH claims that this amount should be reduced or eliminated as redundant time billed. MAN GHH claims that the entry made on November 9, 1992 constitutes a "lumped" sum of expenses incurred. Further, MAN GHH argues that a party seeking an award of costs has the burden to avoid "lumping" fees and must justify expenses incurred. Moreover, MAN GHH argues that if the lump sum cannot be segregated from the remainder of the time entry, $1,125.00 should be deducted from any award made by the Court. MAN GHH reached this total by multiplying 7.5 hours by $150.00 per hour.

Additionally, MAN GHH argues that the reimbursement for travel time from Orlando to Tampa, requested by JOD and RSH, as noted in their November 13, 1992 entry, is not to be included as a component of reasonable attorneys' fees.

### ISSUES

1. Whether the entry made by JOD on November 9, 1992 for 7.5 hours should be deducted or excluded by this Court, from the attorneys fees awarded, as a "lump" sum which is redundant in light of the preceding entry by RSH for 10 hours. Both entries read as follows:

11/06/92 RSH Research AAA jurisdiction, review John O'Donnell's draft Response; research AAA jurisdiction; revise Response, exhibits. 10.0

11/09/91 JOD Revise Response to Motion for Preliminary Injunction. 7.5

2. Whether the Orlando–Tampa travel time requested by JOD and RSH should be included in the attorneys' fees awarded by this Court.

### OPINION

 It is a well settled rule that a district court has wide discretion in exercising its judgment and expertise on an appropriate fee. However, this discretion is not without limits. If a district court disallows hours, it must explain which hours are disallowed and show why an award of these hours is improper. *Norman v. Housing Authority of the City of Montgomery, et al.*, 836 F.2d 1292, 1304 (11th Cir.1988), citing, *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir.1985).

██ MAN GHH argues JOD's expenditure of 7.5 hours on November 9, 1992, should be reduced or excluded from the total attorneys' fees awarded. Further, MAN GHH argues that the party seeking an award of costs has the burden to avoid "lumping" fees, and must justify the expenses incurred pursuant to *In re Beverly Manufacturing Corp., and Brake v. Tavormina, et al.*, 841 F.2d 365, 368 (11th Cir.1988).

■ There is nothing inherently unreasonable about a client having multiple attorneys and they may all be compensated if they are not unreasonably doing the same work and are being compensated for distinct contributions from each lawyer. *Norman v. Housing Authority of the City of Montgomery, et al.,* 836 F.2d at 1301.

■ Moreover, generalized statements that time spent by prevailing attorneys was reasonable or unreasonable are not entitled to much weight in determining award of attorneys fees'. Objections and proof from fee opponents must be reasonably precise in excluding hours thought to be unreasonable or unnecessary. *Id.* at 1301.

The time entries for November 6, 1992, and November 9, 1992, do not seem unreasonably duplicative given the nature of the work performed by both attorneys, RSH and JOD. This Court finds that both JOD and RSH grouped their time entries with sufficient particularity so that this Court may find them reasonable. Because RSH and JOD provided sufficient documentation and testimonial support for their billing entries, this Court rejects MAN GHH's argument that the November 9, 1992 entry for 7.5 hours should be excluded or deducted because it is an insufficiently documented "lump" sum.

This Court has refused to award attorneys fees, and in fact sanctioned attorneys under 28 U.S.C. § 1927, for applying for fees and expenses that included excessive hours, even absent subjective bad faith. See *O'Rear v. American Family Life Assurance Company of Columbus, Inc., et al.,* 144 F.R.D. 410, 413 (M.D.Fla.1992).

■ Excessive, redundant or unnecessary billing hours should be excluded from an award of fees. However, the fee opponent has the burden of pointing our with specificity attorney hours that are allegedly redundant. *Desisto College, Inc., and Horner, v. Town of Howey–In–The–Hills, and Line et al.,* 718 F.Supp. 906, 922 (M.D.Fla.1989). MAN GHH has not borne its burden of showing with sufficient specificity where precisely, JOD and RSH duplicated hours or unnecessarily multiplied their service hours.

Moreover, this Court has reviewed the affidavits submitted by Respondents and their service schedule, and finds that Respondents provided sufficient evidence to support the reasonableness of the hours claimed. This Court does not find the alleged redundancies that MAN GHH claims should be deducted from the fee award. Further, this Court finds that all entries may by JOD and RSH are made with the same level of specificity as the November 9, 1992 entry which MAN GHH argues should be excluded as it constituted a "lump" sum, lacking the requisite specificity.

■ This Court holds that an attorney requesting fees and costs does not have to file such a request with minute specificity. So long as the time entries for billing do not offend the court as being unnecessarily vague and ambiguous as to be deemed unconscionable, the requested fee award will be deemed reasonable. However, a request for a fee award must sufficiently apprise the court of the specific services rendered and the time spent on such activity for each time block noted.

■ MAN GHH argues that the billing for travel time is inappropriate. In *American Mobile Systems, Inc., v. Ware, et al.,* 1992 WL 167262 (M.D.Fla.1992), citing, *Fence Wholesalers of America, Inc., v. Beneficial Commercial Corp.,* 465 So.2d 570 (Fla. 4th DCA 1985) this Court held that absent a showing that a competent local attorney could not have been obtained, reduction of attorney fees by the amount representing travel time is appropriate. See also, *Hopkins v. Zipp Sporting Goods,* 330 So.2d 190 (Fla. 3rd DCA 1976).

This Court agrees with MAN GHH that the hours billed for the Orlando–Tampa travel time should be deducted from the total attorneys' fees award. However, a total of five hours will be deducted as opposed to the six hours that MAN GHH requests be deducted. Respondents only billed 5 hours for travel time, not six hours, as claimed by MAN GHH. Because only five hours were actually billed by Respondents, only those actual five hours will be deducted. The amount to be deducted will be calculated by

multiplying the five hours by $150.00 hourly rate charged by Respondents for a total deduction of $750.00. Accordingly, it is,

**ORDERED** that MAN GHH's Response to Respondent's Motion for Attorneys' Fees and Costs, (Docket No. 557) filed July 30, 1993 be **GRANTED** in regard only to the request for reimbursement of the travel time in Respondents Motion for Attorneys' Fees (Docket No. 555), and that MAN GHH's Request that the November 9, 1992 entry be excluded from the fee award, be **DENIED.**

It is that **ORDERED** that Respondents be **AWARDED** their reasonable attorneys' fees and costs as noted in their Motion for Attorneys' Fees and Costs pursuant to Order Awarding Rule 11 Sanctions (Docket No. 555) be **GRANTED** after the five hours for travel time reimbursement are deducted. MAN GHH **shall pay** to Respondents the sum of $9006.59 within thirty (30) days of the date of this Order.

**DONE** and **ORDERED.**