HENDRY, Judge.
By this interlocutory appeal, Isidore Ya-goda seeks review of an order by the trial court setting an attorney’s fee of $2,000 for his ex-wife’s attorney.
The former husband had filed previously a petition for modification of alimony pay *30 ments resulting from a final divorce decree dissolving the marriage of the parties, entered on May 26, 1967.
The ex-wife also filed a motion for an order of contempt due to the ex-husband’s failure to make the required payments.
The alimony payments were derived from an ante-nuptial agreement between the parties which the court incorporated in the final divorce decree.
The former husband filed his petition for a modification of the alimony payments under Fla.Stat. § 61.14, F.S.A. upon the grounds that the parties had experienced a substantial change in circumstances since entry of the divorce decree.
However, the parties concede that an earlier appeal to this court established that the petition for modification could not be entertained because the payments to the former wife originate from the property settlement agreement which is not susceptible to modification. See, Yagoda v. Klein, Fla.App.1974, 293 So.2d 734.
Therefore, it is the appellant’s contention now that an award of attorney’s fees to the appellee’s attorney was not “any proceeding under this chapter” as the language appears in Fla.Stat. § 61.16, F.S.A., authorizing attorney’s fees in enforcement and modification proceedings.
Appellant relies principally on the holding in Howell v. Howell, Fla.App.1968, 207 So.2d 507, decided under the now repealed statute governing attorney’s fees, Fla.Stat. § 61.15, F.S.A.1969, and upon the authority of Kittel v. Kittel, Fla.1968, 210 So.2d 1, holding that Section 61.15 (now 61.16) should be strictly construed.
We note, however, that the new statute, Section 61.16, added for the first time the provision which authorizes a reasonable attorney’s fee for initiating or defending a modification proceeding. See also, Darcy v. Darcy, Fla.App. 1973, 285 So.2d 59.
In addition, even under the former statute, this court has held that the trial court may award a reasonable attorney’s fee to a wife who is defending against an effort to modify her rights under a property settlement agreement. Salomon v. Salomon, Fla.App.1966, 186 So.2d 39; Cf., Ettinger v. Ettinger, Fla.App.1971, 242 So.2d 502.
Therefore, for the reasons stated and upon the authority cited, the order appealed is affirmed.
Affirmed.