330 So.2d 190 (1976)
William Clinton CHANDLER, Appellant,
v.
Dorothy Ricketts CHANDLER, Appellee.
No. 75-1300.
District Court of Appeal of Florida, Second District.
April 2, 1976.
Rehearings Denied May 7, 1976.
*191 George W. Phillips, Tampa, for appellant.
C. Eugene Jones of Ginsburg, Ross, Dent & Byrd, P.A., Sarasota, for appellee.
McNULTY, Chief Judge.
This action for change of custody was filed and tried in Dade City, Pasco County, wherein a judgment of dissolution of the marriage between the parties hereto was entered several years previously. Counsel for the appellee ex-wife was a Sarasota attorney who, at the conclusion of the child custody proceeding (which ended in favor of the ex-wife), was awarded a $3,000 fee. The ex-husband appeals that award. We reverse.
The foregoing award was improper for two reasons. First, it is patent that the fee was based on the ex-wife's attorney's own commendably candid computation of thirty hours of time and labor spent, sixteen of which were for travelling from Sarasota to Dade City. Now, there is no real dispute but that the other fourteen hours were reasonably necessary in defense of the original custody award; so we are faced with the question of whether travel time is properly included in an award of attorneys' fees. We think not. We are aware of no authority for including it and, indeed, Canon 2 of the Code of Professional Responsibility indicates to the contrary when, among other factors properly to be considered in determining a reasonable fee, it cites the fee "customarily charged in the locality for similar legal services."[1] In the absence of a showing that there is no local legal expertise on the issues involved in the matter (obviously not the case here), this factor should not, as it was here, be overlooked. Certainly a reasonable fee for local counsel would not contemplate the inclusion of travel time as compensable time. It would be incongruous, to say the least, if in the ordinary case nonlocal counsel should fare better insofar as his fees may be assessed against the other party.
On the latter point, we emphasize that we do not hold that a party may not employ any counsel, from any place, he chooses so long as that counsel qualifies to practice law in this state. Nor do we limit in any way the fee arrangement between them. We do circumscribe, however, the portion thereof assessable against his adversary.
The second infirmity in the fee awarded in the instant case is that it was based on the deposition of a Sarasota attorney, who was deposed in Sarasota and who based his opinion on the reasonableness of a fee payable to the ex-wife's attorney on the standards, amenities and practices in Sarasota County. It need not be mentioned here, we suppose, that it differed greatly from the testimony of a local attorney in Dade City that a reasonable fee there for the same services would be approximately $1,000. Within the purview of the same criteria set forth in Canon 2 alluded to above,[2] it's patent, we think, that a fee awarded in Dade City but predicated on Sarasota standards was error.
*192 In view of the foregoing, therefore, the order appealed from should be and it is hereby reversed, and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] See, Code of Professional Responsibility, Canon 2, DR 2-106(B) (3).
[2] Id.