430 So.2d 589 (1983)
GWEN FEARING REAL ESTATE, INC., Appellant/Cross Appellee,
v.
Clifford H. WILSON and Villa Vineta, a Michigan Limited Partnership, Appellees/Cross Appellants.
Paul ESZTERHAZY and Franciska Esterhazy, Appellants,
v.
Clifford H. WILSON, Arthur W. Lambertus, Villa Vineta, a Michigan Limited Partnership, and Gwen Fearing Real Estate, Inc., a Florida Corporation, Appellees.
Paul ESZTERHAZY and Franciska Esterhazy, Appellants/Cross Appellees,
v.
Clifford H. WILSON and Villa Vineta, a Michigan Limited Partnership, Appellees/Cross Appellants.
GWEN FEARING REAL ESTATE, INC., Appellant,
v.
Clifford H. WILSON, et al., Appellees.
Nos. 81-1116, 81-1119, 81-1870 and 81-2331.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
*590 W. Peter Burns of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for Gwen Fearing Real Estate, Inc.
Richard A. Barnett, Hollywood, for Clifford H. Wilson and Villa Vineta.
Bruce W. Parrish and Michael A. Slivka of O'Connell, Cooper, Parrish & McBane, P.A., West Palm Beach, for Paul and Franciska Eszterhazy.
DELL, Judge.
These consolidated appeals arise from the failure of a contract for the sale of real estate to close. The sellers, Mr. and Mrs. Eszterhazy, and Gwen Fearing Real Estate, Inc., the broker, sued the buyers Wilson and Villa Vineta to recover the down payment held in escrow. Plaintiffs appeal from a final judgment in favor of defendant buyers, and from an order awarding appellees costs and attorney fees. Appellee buyers cross-appealed the amount of the cost and fee award.
Appellants, Paul Eszterhazy and Franciska Eszterhazy, entered into a contract with appellees, Clifford Wilson, and Villa Vineta, a limited partnership, for the sale and purchase of their hotel. The parties recognized Gwen Fearing Real Estate Inc. (Fearing) as the broker and the contract provided that Fearing would receive one-half the deposit should the sale fail to close because of the buyers' default. Both the original contract and the amended contract[1] contained a provision making the contract subject to "review of all books pertaining to operation of hotel, bar, etc." The Eszterhazys furnished appellees with a copy of "Schedule C" from their 1977 income tax return and showed appellees a computer operating statement covering the period ending December 31, 1978. Mrs. Eszterhazy testified that these documents constituted the business records of the hotel and bar. The Eszterhazys failed to furnish any other records such as balance sheets, ledgers, checkbooks, tax returns, copies of business related documents of indebtedness, etc. Appellees presented evidence that the information furnished did not provide them with adequate information to evaluate the business. A conflict exists in the evidence as to whether or not appellees persisted in their attempt to obtain additional records, and for that matter as to whether or not additional relevant business records exist. The parties appeared at closing and a dispute arose concerning a zoning problem. Appellees demanded an adjustment in price, the Eszterhazys refused and the closing terminated before appellees raised the matter of books and records.
The Court consolidated the Eszterhazys' suit to recover the deposit from appellees with Fearing's suit to obtain one-half the deposit as its commission on the sale. Appellees asserted the failure to furnish all books and records as an affirmative defense. After a non-jury trial the court found that the Eszterhazys failed to furnish "a reasonable set of books for inspection agreed to by the parties" and entered judgment *591 in favor of appellees. In a subsequent judgment, entered pursuant to reserved jurisdiction, the court held the Eszterhazys and Fearing jointly and severally liable for appellees' attorney fees and costs.
The parties raise several points on appeal. Appellants contend that the trial court erred in finding that the Eszterhazys had a duty to furnish a "reasonable set of books" and that the trial court should have found that appellees waived the requirement of any books and records other than those furnished. Fearing also contends that the trial court erred in holding it jointly and severally liable for attorneys fees and costs. Appellees have voluntarily dismissed their notice of cross-appeal from the judgment on the principal claim. On cross-appeal from the cost award, appellees challenge the trial court's disallowance of certain costs.
The record does not clearly identify the nature of any other books or records that the Eszterhazys may have pertaining to the hotel and bar. However sufficient evidence exists to convince us that on remand the trial court may find that they failed to furnish all relevant books and records. Had the trial court made such a determination this issue would not cause us concern. However, the trial court based its ruling on a finding that the Eszterhazys failed to furnish "a reasonable set of books." Such a requirement exceeds the express terms of the contract between the parties and requires reversal of the judgment in favor of appellees.
The record also contains sufficient evidence to require the trial court to determine whether appellees waived the right to such additional books and records that the Eszterhazys may have concerning the hotel and bar. We would be remiss if we did not comment that we find no merit in appellants' argument that the closing failed only for reasons other than the failure to furnish books and records. The testimony supports appellees' contention that the parties did not reach this point because of the circumstances of the closing.
Since we must remand this case for a new trial we will discuss several questions raised in this appeal which may reoccur if the trial court again determines that appellees should prevail.
We agree with Fearing's argument that it is not liable for attorneys fees. Fearing did not sign the purchase and sale agreement. Although the principals to the agreement made provision for payment of the broker's commission, such a provision does not make the broker a formal party to the contract. Therefore the broker cannot recover or be held liable for attorney fees arising out of the contract. Harris v. Richard N. Grove Realty Inc., 315 So.2d 528 (Fla. 4th DCA 1975).
We also find that the trial court properly disallowed travel time from the attorney fee award. In the absence of a showing of non availability of local expertise on the issues involved, travel time may not be included in a cost award against a losing party. Chandler v. Chandler, 330 So.2d 190 (Fla. 2d DCA 1976).
We need not reach appellees' argument that they are entitled to pre-judgment interest since they have dismissed their cross-appeal from the principal claim. Their cross-appeal directed to the order assessing costs and attorney fees does not preserve the error for review. Webb Gen. Contracting v. PDM Hydrostorage, Inc., 397 So.2d 1058 (Fla. 3d DCA 1981).
Accordingly we reverse and remand this case to the trial court for a new trial.
Reversed and remanded.
HURLEY, J., and WILLIAM C. OWEN, Jr., Associate Judge, concur.
NOTES
[1] Originally only Clifford Wilson executed the contract, later an amended contract substituted Villa Veneta, a Michigan Limited Partnership, as buyer. Wilson and Peter Cucinella are its partners.