GRIMES, Acting Chief Judge.
The husband filed a petition to modify the alimony provisions of a property settlement agreement which had been incorporated into the parties’ judgment of dissolution. The court ultimately dismissed the husband’s petition on the premise that the payments characterized as alimony were so intertwined with transfers of property under the property settlement agreement that they could not later be modified. See Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976). No appeal was taken from that order. However, the court subsequently ordered the husband to pay the wife’s attorney’s fees and suit money for the defense of the husband’s petition. The husband appeals the latter order.
Section 61.16, Florida Statutes (1983), authorizes the court to “order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.” The husband argues that this statute cannot provide the basis for an award of attorney’s fees to the wife in these proceedings because the court concluded that the property settlement agreement was not legally subject to modification. In support of his position, he cites Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983), as a case on point.
The wife points to Yagoda v. Klein, 305 So.2d 29 (Fla. 3d DCA 1974), which held that attorney’s fees could be awarded under section 61.16 for the successful defense of a petition for modification of alimony, even though the petition was dismissed on the ground that the alimony payments could not be modified because they had been integrated in a property settlement agreement. See also Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979), the case relied upon in Bockoven for its substantive ruling of nonmodification, in which the court upheld an award of attorney’s fees under similar circumstances.
Faced with conflicting decisions, we find the position of the Third District Court of Appeal to be more consistent with the objectives of section 61.16. The purpose of the statute is to ensure that both parties will have the same opportunity to secure counsel in dissolution proceedings. Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). Here, the wife was simply defending herself against the husband’s effort to reduce her payments. The fact that she ultimately succeeded in obtaining a dismissal of his petition on the ground that the property settlement agreement could not be modified did not diminish her need for funds with which to pay her attorney for defending the petition in the first place. The court had jurisdiction over the proceeding and had the authority to award the attorney's fees. Moreover, the court properly ruled it would not consider that portion of the services of the wife’s attorney which involved a counterpetition for modification that asked for an increase in child support if the wife’s alimony were reduced.
We also find that there was competent and substantial evidence to support the size of the attorney’s fee award. Likewise, we hold that the court did not abuse its discretion in requiring the husband to *553 reimburse the wife for certain expenses of litigation which are not within the scope of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Florida Rules of Court 479 (West rev.ed.1985). The “suit money” authorized in dissolution proceedings under section 61.16 contemplates a broader range of expenses than the costs which are ordinarily taxable in other civil cases. See Ortiz v. Ortiz, 211 So.2d 243 (Fla. 3d DCA 1968).
Affirmed.
SCHEB and HALL, JJ., concur.