801 So.2d 976 (2001)
EVE'S GARDEN, INC., Eugene Manson Johnson, and Evie Johnson, Appellants,
v.
UPSHAW & UPSHAW, INC., Regan Upshaw, and Ayesha Upshaw, Appellees.
No. 2D00-4930.
District Court of Appeal of Florida, Second District.
December 12, 2001.
*977 Robert V. Williams and John A. Schifino of Williams, Schifino, Mangione & Steady, P.A., Tampa, for Appellants.
Marie Tomassi and Michael K. Green of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellees.
ALTENBERND, Acting Chief Judge.
The defendants, Eve's Garden, Inc., Eugene Manson Johnson, and Evie Johnson, appeal a judgment awarding attorneys' fees in the amount of $18,000 to the plaintiffs, Upshaw & Upshaw, Inc., Regan Upshaw, and Ayesha Upshaw, as a sanction for violating an order compelling discovery. The defendants raise three challenges to the amount of the award. Because the fee award was in the nature of a sanction, we reject the arguments that the trial court erred in setting the reasonable hourly rate and requiring payment for certain travel time in this case. We conclude, however, that the number of hours used to calculate the award must be reduced.
*978 On March 8, 1999, the trial court entered an order compelling the defendants to provide to the plaintiffs certain discovery. The order required the defendants to comply on or before March 23, 1999. When the defendants failed to comply with this order, the trial court entered a second order, finding that the plaintiffs were entitled to the "reasonable attorneys' fees incurred in connection with efforts to obtain compliance with and enforce this court's order of March 8, 1999." The judgment on appeal is a result of the quantification of these fees. The detailed facts involved in this discovery dispute are not important, except perhaps to note that the defendants' current counsel played no role in the conduct that resulted in this sanction.
In awarding fees, the trial court relied in part upon an affidavit from plaintiffs' counsel reflecting 94.1 hours of work. The client had been charged $200 per hour for most of this work. At the hearing to set the amount of the fees, the defendants challenged, among other things, the reasonableness of the hourly rate charged, the time charged by the plaintiffs' attorney for traveling to Dade City for hearings, and the time charged by the plaintiffs' attorney between March 8, 1999, and March 23, 1999. The trial court rejected these challenges and held that plaintiffs' counsel had reasonably expended 90 hours of time at the reasonable hourly rate of $200 in enforcing the March 8, 1999, order. This amount was reduced to judgment.
At the hearing to quantify the fee award, the plaintiffs presented the testimony of a lawyer from Tampa, who opined that the services provided and the time spent by the plaintiffs' counsel were reasonable and necessary, and that the hourly rate charged was reasonable and an amount customarily charged for similar services. The Tampa lawyer did not believe the hourly rate should be reduced because the lawsuit was pending in Dade City. His own firm charged similar or higher rates whether a lawsuit was filed in Hillsborough County or in neighboring Pasco County. The defendants responded with testimony from a Dade City lawyer that the maximum reasonable fee for such work in the locality of Dade City was $175 per hour for in-court services and $150 per hour for out-of-court services. In accepting the plaintiffs' assertion that $200 per hour was a reasonable hourly rate, the trial judge noted that Dade City was part of the Sixth Judicial Circuit, encompassing both Pasco and Pinellas Counties, and that the circuit included metropolitan areas in which attorneys often charged higher rates similar to the amount requested by the plaintiffs. Therefore, the trial judge based his finding of a reasonable hourly rate not on the rates customarily charged in Dade City, but on the rates customarily charged in the Sixth Judicial Circuit as a whole.
The defendants argue that pursuant to Chandler v. Chandler, 330 So.2d 190 (Fla. 2d DCA 1976), the trial court was compelled to accept the testimony of the Dade City attorney and apply the hourly rate normally charged in that rural community. In Chandler, this court held that fees in a Pasco County divorce could not be based on the reasonable rate in Sarasota County. 330 So.2d 190. In addition, rule 41.5(b)(3) of the Rules Regulating the Florida Bar establishes as a factor to be considered in calculating a reasonable fee, "the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature." See also Centex-Rooney Constr. Co. v. Martin County, 725 So.2d 1255, 1258 (Fla. 4th DCA 1999). Although the bar is more mobile today than it was in 1976, communities within our appellate district continue to experience significant differences in the fees customarily charged by local attorneys. *979 Attorneys in smaller communities still tend to charge less than those in larger communities. In addition, in a circuit like the Sixth Judicial Circuit, which encompasses both rural and metropolitan areas at some distance from each other, the "locality" does not always encompass the entire circuit. Thus, we acknowledge that the rule in Chandler remains the norm.
In this case, however, the fees were imposed as a sanction in a discovery dispute between two parties represented by Tampa law firms. The primary plaintiff, Upshaw & Upshaw, Inc., is a corporation located in Lutz, Florida, inside Hillsborough County and a short distance south of the Pasco County line. The primary defendant is Eve's Garden, Inc., a corporation located in Land 0' Lakes, Florida, a short distance north of the Pasco County line. When Eve's Garden was sued by a Tampa law firm in Dade City, Eve's Garden hired a Tampa law firm. When discovery problems arose, it replaced that law firm with another Tampa law firm.
The purpose of this type of legal sanction is both to punish the recalcitrant party and to reimburse the victim. The sanction hopefully serves as a deterrent of similar conduct by others in future litigation. The experienced Dade City lawyer who testified in this case could ably litigate this discovery matter for either side at less cost, but both parties hired more expensive Tampa law firms. The question in this case is whether the trial court has the discretion in setting the amount of the sanction to consider the actual hourly rates of the lawyers involved in the case. To the extent that a sanction serves, in part, as a form of restitution, we conclude that a trial judge has the discretion to impose a fee award based upon a calculation of the actual rates charged so long as those rates are reasonable in light of all the circumstances. We therefore affirm the trial judge's finding that in this case $200 was a reasonable hourly rate to use in calculating the sanction.
We emphasize that a trial judge is not compelled to impose a sanction at the actual rate charged if that rate is substantially higher than the rate normally charged by local attorneys. If the trial court concludes that a lower rate is sufficient to achieve the purpose of a sanction, the trial court has discretion to use a lower rate. Under the facts of this case, however, the trial court did not abuse its discretion in selecting the actual rate, which was a common rate within the regional legal community.
Similarly, we affirm the award of attorney's fees for travel time in this case. Although travel time is generally not compensable in this district when setting a reasonable fee, Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000); Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589 (Fla. 4th DCA 1983); Chandler, 330 So.2d 190, we conclude that travel time may be awarded when fees are awarded as a sanction under circumstances similar to this case. The defendants were aware that the failure to provide discovery could result in unnecessary hearings, and that those hearings would require the plaintiffs' counsel to travel to Dade City.
Although we affirm the trial court's finding of a reasonable hourly rate and the inclusion of fees for travel time, we conclude that the trial court erred when it calculated the fees from a date prior to March 23, 1999. The discovery required by the March 8, 1999, order was not due until March 23, 1999. There could be no reasonable attorney's fees incurred enforcing the order until that date. The award of fees for time prior to March 23, 1999, was beyond the scope of the plaintiffs' *980 entitlement. Of the 90 hours of time that the trial court determined to be reasonable, approximately 6 hours was for services rendered prior to March 23, 1999. Accordingly, we conclude that the maximum number of hours that could be included in the award was 84. Therefore, the proper amount of the judgment should be for $16,800, based upon 84 hours at the hourly rate of $200.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
WHATLEY, J., and ELLIS, CYNTHIA A., Associate Judge, Concur.