842 So.2d 879 (2003)
Cecil FIELDER and Stacey Fielder, Appellants,
v.
WEINSTEIN DESIGN GROUP, INC., Appellee.
No. 4D02-1810.
District Court of Appeal of Florida, Fourth District.
February 5, 2003.
Rehearing Denied May 1, 2003.
Daniel S. Rosenbaum and John M. Siracusa of Becker & Poliakoff, P.A., West Palm Beach, for appellants.
Lee Milich of Lee Milich, P.A., Ft. Lauderdale, for appellee.
KLEIN, J.
The Fielders contracted with Weinstein for interior design services on their home *880 and paid Weinstein $1.36 million, with outstanding invoices of $26,636. In this action Weinstein sought payment for its outstanding invoices, and the Fielders counterclaimed for over $400,000 based on improper charges. We reverse the trial court's ruling that the Fielders were not the prevailing parties on the claim brought against them.
A net judgment was entered in favor of Mrs. Fielder in the amount of $5,636, but Mr. Fielder was dismissed because he was not a party to the contract. Because Mr. Fielder was not a party to the contract, he cannot recover prevailing party's fees nor can such fees be assessed against him. Hanna v. Beverly Enterprises-Florida, 738 So.2d 424 (Fla. 4th DCA 1999); Fla. Med. Ctr. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995); Stewart v. Tasnet, Inc., 718 So.2d 820 (Fla. 2d DCA 1998).
Mrs. Fielder argues that the trial court committed legal error in holding that she was not the prevailing party in Weinstein's claim against her, because she prevailed on the significant issues as to that claim. Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992); Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993).
Weinstein's claim against the Fielders was for unpaid bills for merchandise. The primary issue litigated in the counterclaim was whether Weinstein had improperly added overhead, profit or supervision charges in various percentages in statements which had been paid by the Fielders. Because these claims were distinct, there can be a prevailing party on each claim. Folta v. Bolton, 493 So.2d 440 (Fla. 1986).
Although there is ample evidence to support the trial court's conclusion that the Fielders did not prevail on their counterclaim, there is no evidence to support the conclusion that the Fielders did not prevail on the claim Weinstein brought against them. On that claim Weinstein, as we noted earlier, sued for $26,636. During the arbitration it reduced the amount it was seeking to $10,527. The dispute involved furniture or other decorating objects which the Fielders had not ordered and did not want, but which Weinstein refused to take back. The arbitrator ordered Weinstein to take the items back and, when all was said and done, the trial court entered judgment in favor of the Fielders for $5,636. The Fielders thus prevailed as a matter of law on Weinstein's claim against them.
We therefore reverse and remand for the trial court to award Mrs. Fielder prevailing party attorney's fees for her defense of Weinstein's claim against her. Mr. Fielder, as we indicated earlier, can neither be required to pay nor can he recover prevailing party attorney's fees because he was not a party to the contract.
STEVENSON, J., and BAILEY,
JENNIFER D., Associate Judge, concur.