883 So.2d 344 (2004)
AVATAR DEVELOPMENT CORPORATION, Appellant,
v.
DePANI CONSTRUCTION, INC., Appellee.
No. 4D03-3244.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
Rehearing Denied October 28, 2004.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Robert E. Ferencik, Jr. and Lisa K. North of Ferencik Libanoff Brandt Bustamante and Williams, P.A., Fort Lauderdale, for appellee.
WARNER, J.
Avatar Development Corporation appeals from a trial court order denying it prevailing party attorney's fees in a breach of contract and construction lien litigation, even though Avatar had prevailed on significant *345 issues in the litigation. Because appellee DePani Construction, Inc. also prevailed on one claim, the trial court refused to award attorney's fees. We conclude that under the particular facts of this case, where the parties treated the two claims as separate, and DePani actually recovered fees on the claim on which it prevailed, the court erred in refusing to award attorney's fees to Avatar on the claim on which it prevailed.
DePani, a stucco contractor, entered into a contract with Avatar to perform stucco work on a residential development. The contract contained a termination clause allowing Avatar to terminate DePani's services "at any time for any reason by giving at least ten (10) days prior written notice." Upon termination DePani was "entitled to payment for work finished, installed, or in process which is acceptable to the Company."
Avatar terminated the contract pursuant to this clause, and DePani sued for breach of contract, foreclosure of a construction lien for nonpayment of materials and services already performed, and a declaratory judgment to interpret the termination clause. The court held a bench trial on the declaratory judgment count and ruled in favor of DePani, finding that the termination clause was not enforceable. Before the court resolved the remaining issues, Avatar and DePani settled the construction lien foreclosure count, including the attorney's fees awardable to DePani under that count. The case went to jury trial on the issue of lost profit damages during the remaining term of the contract, on the theory that Avatar had breached the contract by exercising the termination clause. The jury returned a substantial verdict in favor of DePani for lost profits.
Avatar appealed the final judgment, and this court reversed the lower court's underlying declaration that the termination clause was not enforceable. See Avatar Dev. Corp. v. De Pani Constr., Inc., 834 So.2d 873, 876 (Fla. 4th DCA 2002), rev. denied, 848 So.2d 1153 (Fla.2003). This court conditionally granted attorney's fees on appeal pending the trial court's determination of which party prevailed following further proceedings. In the interim, DePani sought relief in the Florida Supreme Court. The supreme court denied review but granted Avatar's motion for attorney's fees and awarded it $2,500.
The matter returned to the trial court, and both parties filed motions for attorney's fees and costs and motions for entry of final judgment in their favor. At the hearing, the trial court expressed reluctance to grant Avatar fees when the trial judge believed that Avatar had taken unfair advantage of DePani, even though this court ruled that the termination clause was enforceable. It therefore vacated all prior judgments and awarded Avatar $22,000 for fees from the appeal to this court, appellate costs, and $2,500 for fees relating to DePani's request for supreme court review. Noting that both parties prevailed on significant issues in the litigation, the court did not award Avatar trial court fees or costs.
Avatar argues that DePani's breach of contract claim, which hinged on the validity of the termination clause and sought future damages, was separate and distinct from the construction lien claim seeking damages for completed work. Thus, there could be a prevailing party on each claim within the lawsuit. The determination of whether multiple claims within a lawsuit are separate and distinct for purposes of an award of attorney's fees is a matter of law to be reviewed de novo. Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002).
*346 In Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986), the court held that in a multicount complaint, where each claim is separate and distinct, the prevailing party on each distinct claim is entitled to an award of attorney's fees incurred in connection with that claim. The court explained that claims are separate and distinct when they could support an independent action and are not simply alternative theories of liability for the same wrong. 493 So.2d at 442. The medical malpractice claims in Folta involved different medical providers performing different procedures. Id. at 441.
We applied Folta to a single contractual relationship in Fielder v. Weinstein Design Group, Inc., 842 So.2d 879, 880 (Fla. 4th DCA 2003). There, an interior designer sued a client for unpaid merchandise. The client counterclaimed for improper charges of supervision, overhead, and profit on previously paid invoices. Both claims arose out of the single contractual relationship regarding interior design services on the home. Our court found that these constituted separate and distinct claims under Folta. 842 So.2d at 880. The trial court found that the homeowner had not prevailed on her counterclaim, but we concluded that she had prevailed on the interior designer's claim and was entitled to attorney's fees for defending that claim. Id.
In this case, DePani sued to foreclose a construction lien for completed work. This was settled prior to trial, and the parties agreed to DePani's attorney's fees in connection with the foreclosure of the lien. DePani was entitled to statutory fees for this claim. In a separate count, which was the subject of the jury trial, DePani also sued for future lost profits pursuant to the contract. It recovered a judgment for the future lost profits, not for the completed work. We reversed that judgment based upon the termination clause, and judgment was entered in favor of Avatar. Thus, Avatar was the prevailing party as to the claim for future profits.
Consistent with Fielder, we conclude that the construction lien foreclosure claim was separate and distinct from the claim for loss of future profits. The prevailing party on each claim was entitled to attorney's fees. Therefore, pursuant to Folta, DePani was entitled to attorney's fees on the construction lien foreclosure action, and Avatar was entitled to attorney's fees on the contractual claim for future lost profits. DePani actually recovered fees on the construction lien foreclosure action, but the trial court erred in denying fees to Avatar for the claim on which it prevailed.
We reverse the denial of attorney's fees to Avatar for the defense of the claim for future lost profits. We remand for further proceedings.
KLEIN and TAYLOR, JJ., concur.