965 So.2d 311 (2007)
Samuel MANDEL and Annette Mandel, Appellants,
v.
DECORATOR'S MART, INC. OF DEERFIELD BEACH, John E. Martin and Kathy Martin, Appellees.
Nos. 4D05-2400, 4D06-2243.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Rehearing Denied October 25, 2007.
*313 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellants.
Keith T. Grumer and Maidenly Macaluso of Grumer & Macaluso, P.A., Fort Lauderdale, for appellees.
GROSS, J.
We write to address an award of attorney's fees to a prevailing defendant under the Florida Deceptive and Unfair Trade Practices Act, sections 501.201-501.213, Florida Statutes (2003). We affirm all aspects of the award except that portion pertaining to counsel's travel expenses.
Samuel and Annette Mandel purchased a $3.4 million oceanfront condominium. To complete the interior design of their unit, the Mandels entered into a contractual relationship with John and Kathy Martin and Decorator's Mart, Inc. The Martins are interior designers; Decorator's Mart is a furniture showroom founded 43 years ago by Kathy Martin's parents.
Experienced in art and antique dealing, the Mandels were hands-on clients. They were actively involved in the minute details of the project, from hiring vendors and subcontractors to reviewing billings and demanding credits. There was a June 23, 2000 written agreement, an addendum, and multiple oral arrangements.
In May 2002, the Mandels demanded to see every invoice and backup vendor invoice for the project. The Martins complied with one exceptionthe vendor cost invoices for the winning Decorator's Mart bids. After reviewing the invoices, the Mandels and the Martins disagreed over the amount of a refund. An altercation ensued and the Mandels accused the Martins of forging invoices. Samuel Mandel showed the Martins their retainer check for legal counsel and threatened to bury them in legal debt.
On June 5, 2002, the Mandels filed suit. An amended complaint sought an accounting and asserted claims for breach of contract, replevin, and restitution. Decorator's Mart and the Martins counterclaimed for breach of contract, services rendered, an open account, and account stated, claiming they were owed $70,794.41.
During discovery, the Mandels learned about money certain subcontractors had paid to the Martins. The Mandels characterized the payments as "kickbacks"; the Martins labeled them "referral commissions." In August, 2003, the Mandels filed a third amended complaint, adding claims for deceptive and unfair trade practices, in violation of section 501.201, Florida Statutes (2003), and fraud in the inducement. Alleging the commission of conduct more odious than a breach of contract, this pleading increased the financial risk for both sides.[1] Section 501.2105(1), Florida *314 Statutes (2003) provides for prevailing party attorney's fees:
In any civil litigation resulting from an act or practice involving a violation of this part . . ., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.
After a five day trial, the jury returned a verdict against the Mandels on their breach of contract claim against the Martins, and on their claims for fraudulent misrepresentation and unfair and deceptive trade practices against all three defendants. The jury found a breach of contract by Decorator's Mart and awarded the Mandels $7,490.
On the counterclaim against the Mandels, the jury awarded $49,852.32 to the Martins and $4,151,83 to Decorator's Mart. The final judgment found that the Martins and Decorator's Mart were the prevailing parties for attorney's fees purposes.
After a hearing, the court awarded $170,609.30 for attorney's fees under section 501.2105(1), reducing the amount by 5% for time spent on a replevin claim separate and apart from the other claims. The court found these other claims to be "inextricably intertwined" because they shared a "common core of facts" with the section 501.201 claim.
The Mandels attack the attorney's fee award on multiple grounds.
First, they argue that the court erred in ruling that the multiple claims in the lawsuit were not separate and distinct for the purpose of calculating the award under section 501.2105(1).
The language of section 501.2105 takes a broad view of compensable attorney time on a case involving a claim of a deceptive or unfair trade practice. Section 501.2105(2) requires that the prevailing party's attorney submit an affidavit of "time spent on the case." Similarly, section 501.2105(3) allows a trial judge to award a "legal fee" for hours "actually spent on the case." This statutory language
contemplates recovery of attorney's fees for hours devoted to the entire litigation . . . and does not require allocation of attorney time between the chapter 501 count and other alternative counts based on the same consumer transaction unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.
Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 271 (Fla. 1st DCA 1985). This means that where Chapter 501 claims are based on the same transaction as alternative theories of recovery, "no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the 501 claim or it is shown that the services related to issues, such as punitive damages, which were clearly beyond the scope of a 501 proceeding." Id. at 272; see Smith v. Bilgin, 534 So.2d 852, 854 (Fla. 1st DCA 1988).
As alleged in the Mandels' third amended complaint, the same conduct supports the contract, fraud, and Chapter 501 claims. During opening statement, the Mandels' lawyer used the breach of contract allegations to explain his theory of the Chapter 501 claim. Evidence at trial relevant to one theory of recovery was also relevant to whether a deceptive or unfair trade practice had occurred. In opposition to a motion for directed verdict, the Mandels' lawyer argued that facts supporting the Chapter 501 claim also supported his fraud and contract counts.
*315 Because the fraud and contract claims arose from the same "common core" of facts as the Chapter 501 claim, they were not "clearly beyond the scope of a 501 proceeding" as contemplated in Heindel. 476 So.2d at 272. The trial court correctly awarded attorney's fees for attorney time spent on the fraud and contract claims. See LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982).
The Mandels rely on Avatar Development Corporation v. DePani Construction, Inc., 883 So.2d 344 (Fla. 4th DCA 2004) and Fielder v. Weinstein Design Group, Inc., 842 So.2d 879 (Fla. 4th DCA 2003), to argue that the claims in this case are separate and distinct. However, neither case involves a Chapter 501 claim intertwined with another legal theory based on a common core of facts. Both cases concern a determination of whether two claims are separate and distinct enough to support an award of prevailing party attorney's fees.
In Avatar, a stucco contractor sued a developer for breach of contract, foreclosure of a construction lien, and declaratory judgment to interpret the termination clause of the contract. The court held that the lien foreclosure claim for completed work was separate and distinct from the claim for loss of future profits under the contract, so the prevailing party on each claim was entitled to fees. 883 So.2d at 346. This is different from the issue of whether work relating to a breach of contract claim falls under the umbrella of a Chapter 501 claim so that it is compensable.
Although Fielder involved an interior designer/client dispute, the client did not bring a Chapter 501 claim. The interior designer sued for unpaid merchandise. The client counterclaimed for improper charges on previously paid invoices. This court found that the "claims were distinct," so there could "be a prevailing party on each claim." 842 So.2d at 880. Fielder has nothing to do with the question herewhether attorney time is compensable spent on a claim related to a Chapter 501 claim. Time spent on an intertwined contract claim could be recoverable under section 501.2105 even though the party seeking Chapter 501 fees was not the prevailing party on a related contract count.
The Mandels' second basis for attacking the fee award is that the Martins should not be entitled to any fee incurred prior to the time they amended their complaint to include the Chapter 501 claim. There is no basis, statutory or otherwise, to so limit the recovery. If legal work done early in a case pertains to a subsequently filed Chapter 501 claim, that work is compensable to the prevailing party as "hours spent on the case" under section 501.2105(3).
We agree with the Mandels' third point, that the award of fees should not have included the travel time of the attorneys. In Fence Wholesalers of America, Inc. v. Beneficial Commercial Corporation, 465 So.2d 570 (Fla. 4th DCA 1985), we held that without proof that a competent local attorney could not be obtained, an award of attorney's fees from an opponent should not include travel time over and above what a local attorney would charge. See also Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589, 591 (Fla. 4th DCA 1983). As the second district noted in Chandler v. Chandler, 330 So.2d 190, 191 (Fla. 2d DCA 1976),
We are aware of no authority for including [travel time] and, indeed, Canon 2 of the Code of Professional Responsibility indicates to the contrary when, among other factors properly to be considered in determining a reasonable fee, it cites *316 the fee `customarily charged in the Locality for similar legal services. . . .' Certainly a reasonable fee for Local counsel would not contemplate the inclusion of travel time as compensable time. It would be incongruous, to say the least, if in the ordinary case nonlocal counsel should fare better insofar as his fees may be assessed against the other party.
Here, appellees' attorneys practice in Fort Lauderdale. Many competent Palm Beach County attorneys could have handled the case. Accordingly, a reduction of attorney fees by the amount representing travel time is required.
The appellees cite primarily to Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA 1991), to support their contention that travel fees are appropriate. Wright is distinguishable because it involves special circumstances not present here. Wright held that an award of travel time to the wife's attorney in a divorce case was proper, even though the wife hired an attorney from Jacksonville, 60 miles away from her Lake City residence. Id. at 1357-58. In ruling that the trial judge should have awarded the wife all the attorney's fees that she requested, the court pointed to the special circumstances in the casethe small community, the prominence of her husband in the community, and the reasonableness of counsel's bill. Id. at 1358.
As to the total amount of the attorney's fee award, we cannot say that the trial court abused its discretion in light of the evidence at the fee hearing. See Humane Soc. of Broward County, Inc. v. Fla. Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007) (citing General Motors Acceptance Corp. v. Laesser, 791 So.2d 517 (Fla. 4th DCA 2001) (citing First Fed. Sav. & Loan Ass'n of Palm Beaches v. Bezotte, 740 So.2d 589, 590 (Fla. 4th DCA 1999))).
We find no abuse of discretion in the trial court's evidentiary rulings and no fundamental error in comments made by Kathy Martin.
Affirmed in part, reversed in part, and remanded to the circuit court to remove from the attorney's fee award that amount attributable to travel hours in excess of what a local attorney would have spent on the case.
STONE and POLEN, JJ., concur.
NOTES
[1] Our experience is that it is not uncommon for litigants to inject claims of fraud and deceptive trade practices into a contractual dispute. This tactic complicates a lawsuit, raises the stakes, and increases the litigation expenses. We have encountered few cases where such claims were successful. For example, there is a difference between establishing a cause of action for fraudulent inducement and proving that someone lied during the performance of a contract (i.e., "I am positive that the curtains were delivered last Friday.").