PER CURIAM.
Appellant, Terry Norman, appeals from a summary judgment entered against him on his claim for breach of contract against the buyers of his shares in Gat Bar, Inc., and also from a final judgment entered against him after a non-jury trial on the buyers’ counterclaim for fraud in the inducement concerning the sale of the stock. Without further discussion, we affirm the trial court’s entry of summary judgment against Norman on his claim against the buyers for breach of contract. However, we reverse the final judgment in favor of the buyers on their counterclaim for fraudulent inducement.
The sufficiency of the evidence is an issue of law reviewed de novo. See Fina v. Hennarichs, 19 So.3d 1081, 1084 (Fla. 4th DCA 2009). “When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.” Fla. R. Civ. P. 1.530(e).
The issue we address in this case is whether the buyers were justified in relying on the alleged fraudulent misrepresentation regarding the payroll costs of the business.
“The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.” Besett v. Basnett, 389 So.2d 995, 997 (Fla.1980).
Here, the gravamen of the fraudulent inducement claim was that one of the sellers of the business falsely represented that the payroll expenses for the business would be $17,500 per week, when in fact the weekly payroll expenses were over $15,000 higher. However, in a pro forma document that one of the buyers prepared before purchasing the business, there is a section labeled “Staffing Assumptions,” which indicates that the total labor costs would be over $35,000 per week. Thus, the buyers were either aware of the falsity of the alleged misrepresentation or its falsity would have been obvious to them. On these facts, Norman cannot be liable for fraudulent misrepresentation.
Accordingly, we reverse the final judgment and remand for entry of judgment in favor of Norman on the buyers’ counterclaim.

Affirmed in part, Reversed in part, and Remanded.

MAY, C.J., TAYLOR and GERBER, JJ., concur.