PER CURIAM.
We reverse the order on appeal to the extent that it awarded the wife attorney’s fees for the travel time of her counsel. See Mandel v. Decorator’s Mart, Inc. of Deerfield Beach, 965 So.2d 311, 315 (Fla. 4th DCA 2007) (“[W]ithout proof that a competent local attorney could not be obtained, an award of attorney’s fees from an opponent should not include travel time over and above what a local attorney would charge.”); Belmont v. Belmont, 761 So.2d 406, 407 (Fla. 2d DCA 2000) (reversing fees in a dissolution case for the time the wife’s Polk County counsel spent traveling to and from Sarasota County); Chandler v. Chandler, 330 So.2d 190, 191 (Fla. 2d DCA 1976) (“[W]e are faced with the question of whether [t]ravel time is properly included in an award of attorneys’ fees. We think not.”).
We acknowledge that there may be special circumstances in which travel fees may be taxed in a dissolution case. See Wright v. Wright, 577 So.2d 1355, 1357-58 (Fla. 1st DCA 1991) (wife did not act unreasonably in selecting counsel 60 miles away from her residence, which was located in a small community where the husband was a prominent physician); Bohner v. Bohner, 24 So.3d 622, 623 (Fla. 4th DCA 2009) (trial court did not abuse its discretion in including the additional time expended traveling to hearings caused by the husband’s vexatious litigation). But in this case no such special circumstances were shown. There was no evidence that competent counsel could not be obtained in Palm Beach County, nor was there a finding that the travel time was required due to any excessive or vexatious litigation by the husband.
On remand, the trial court is directed to eliminate attorney travel time from the fee award. Although the parties dispute how much of the fee award was based on the inclusion of attorney travel time, we leave this determination to the trial court in the first instance.
We find no abuse of discretion, however, in the award of costs, even though some of the costs were not within the scope of the Statewide Uniform Guidelines for Taxation of Costs in Civil Action. See Payne v. Payne, 481 So.2d 551, 553 (Fla. 2d DCA 1986). The “suit money” authorized in dissolution proceedings under section 61.16, Florida Statutes, contemplates a broader range of expenses than the costs which are ordinarily taxable in other civil cases. Id.

Affirmed in part, Reversed in part, and Remanded.

TAYLOR, CONNER and KLINGENSMITH, JJ., concur.