DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACKSON PADGETT** and **MARK NEGRETE,**
Appellants,

v.

**GEORGE L. KESSINGER, ADAM BURNETT, TERRY L. NORMAN** and
**RONALD F. GOFRANK,**
Appellees.

No. 4D14-229

[ April 8, 2015 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE10036263.

Paul K. Silverberg and Kraig S. Weiss of Silverberg & Weiss, P.A., Weston, for appellants.

No appearance for appellees.

TAYLOR, J.

The issue in this appeal is whether the trial court abused its discretion in failing to find that appellants, Jackson Padgett and Mark Negrete, were prevailing parties in this breach of contract case and thus entitled to attorney's fees. We hold that because appellants prevailed on the breach of contract claim, which was separate and distinct from the fraudulent inducement claim on which they did not prevail, appellants are entitled to prevailing party attorney's fees for defending the contract claim.

Appellants were the buyers of a restaurant business. Appellee Norman was one of the sellers.[1] The agreement for the sale of the business contained a prevailing party attorney's fees provision.

Norman sued the buyers for breach of contract, claiming that he was

[1] The remaining appellees were the other sellers of the business. They are only nominally parties to this appeal, as they entered into a settlement agreement early in the litigation.

owed additional sums under the contract. The buyers answered the complaint and brought a counterclaim for fraudulent inducement, requesting attorney's fees in both their answer and their counterclaim. Norman answered the counterclaim, but his answer did not include a request for attorney's fees.

The trial court entered summary judgment against Norman on his claim for breach of contract. The trial court then held a bench trial, found that Norman was liable for fraudulent inducement, and entered a final judgment in favor of the buyers on their counterclaim.

Norman appealed the summary judgment on the contract claim and the final judgment on the counterclaim. On appeal, we affirmed the summary judgment against Norman on his claim for breach of contract, but reversed the final judgment in favor of the buyers on their counterclaim for fraudulent inducement. *See Norman v. Padgett*, 125 So. 3d 977 (Fla. 4th DCA 2013). We held as a matter of law that Norman was not liable for fraudulent misrepresentation, and we remanded for entry of judgment in favor of Norman on the buyers' counterclaim. *Id.* at 978.

Meanwhile, during the pendency of the appeal, the trial court entered an Amended Final Judgment which included an award of fees and costs in favor of the buyers. After reversal of the counterclaim judgment, Norman moved to vacate the judgments entered in the case. Norman also moved for an award of attorney's fees and costs, claiming that he was the prevailing party in the action.

The buyers responded with a Memorandum on Entitlement and Award of Attorney's Fees and Costs, contending that they alone were entitled to attorney's fees. They argued that because they prevailed on the breach of contract claim, they were entitled to fees. The buyers further argued that (1) Norman was not the prevailing party overall, and (2) Norman failed to plead entitlement to attorney's fees and costs in his answer to the counterclaim.

The trial court entered an order vacating the previous judgments in the case and declining to award fees to either side. The court determined that the buyers prevailed on Norman's breach of contract claim, and that Norman prevailed on the buyers' counterclaim for fraudulent inducement. The court reasoned that the parties essentially "battled to a draw" and that "neither party prevailed in this case." The court later entered a final judgment consistent with these findings. The buyers appealed.

The standard of review applicable to a trial court's ruling on the issue

of prevailing party attorney's fees is abuse of discretion. *Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 213 (Fla. 2012).

The "prevailing party" is the party that prevails on the significant issues in the litigation. *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Absent compelling circumstances, one party must prevail in a breach of contract action. *Newton v. Tenney*, 122 So. 3d 390, 392 (Fla. 4th DCA 2013).

In a case with multiple claims, "where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim." *Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986). Claims are separate and distinct if "they could support an independent action and are not simply alternative theories of liability for the same wrong." *Avatar Dev. Corp. v. DePani Constr., Inc.*, 883 So. 2d 344, 346 (Fla. 4th DCA 2004). Claims for breach of contract and fraud in the inducement are separate and distinct for purposes of awarding attorney's fees. *See Effective Teleservices, Inc. v. Smith*, 132 So. 3d 335, 337, 340-41 (Fla. 4th DCA 2014) (claims for breach of employment agreement and fraud in the inducement were separate and distinct).

Here, the trial court abused its discretion in denying prevailing party fees to the buyers regarding their defense of Norman's breach of contract claim. Although the buyers did not prevail on their fraudulent inducement claim, the buyers did prevail on Norman's breach of contract claim against them. Because the breach of contract claim is separate and distinct from the fraudulent inducement counterclaim, the buyers are entitled to attorney's fees incurred in successfully defending the breach of contract claim.

Moreover, even though Norman prevailed on the buyers' fraudulent inducement counterclaim, Norman did not request fees when he answered the counterclaim. The buyers objected to Norman's recovering attorney's fees since he failed to plead entitlement to fees in his answer to the counterclaim. We agree that by failing to plead entitlement to fees in his answer to the counterclaim, Norman waived any claim to fees in defending the counterclaim. *See Stockman v. Downs*, 573 So. 2d 835, 837-38 (Fla. 1991) (a claim for attorney's fees must be pled, and a party's failure to do so constitutes a waiver of the claim unless the other party acquiesces to the claim or otherwise fails to object to the failure to plead entitlement); *Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708, 711 (Fla. 4th

DCA 2002) ("[A] party may not recover attorney's fees unless he has put the issue into play by filing a pleading seeking fees.").

Accordingly, we reverse the denial of attorney's fees to the buyers for their defense of Norman's claim for breach of contract and remand for further proceedings.

*Reversed and Remanded.*

STEVENSON and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***