DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOUSEHOLD FINANCE CORP III,**
Appellant,

v.

**ELIZABETH WILLIAMS, HOUSEHOLD FINANCE CORPORATION III, STATE OF FLORIDA, DEPARTMENT OF REVENUE, CLERK OF THE COURT, BROWARD COUNTY, FLORIDA,** and **LR CREDIT 11, LLC,**
Appellees.

No. 4D18-1570

[ February 19, 2020 ]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. CACE-13-013934.

David Rosenberg, Cynthia L. Comras and Jarrett Cooper of Robertson, Anschutz & Schneid, P.L., Boca Raton, for Appellant/Cross-Appellee.

Jonathan Kline of Jonathan Kline, P.A., Weston, for Appellee/Cross-Appellant Elizabeth Williams.

TAYLOR, J.

The lender, Household Finance Corporation, appeals the trial court's final order awarding the borrower, Elizabeth Williams, attorney's fees. Because we conclude that the trial court erred in determining the amount of fees due to the borrower, we reverse and remand for proceedings consistent with this opinion.

The lender brought a foreclosure suit against the borrower with two counts. Count I sought foreclosure and Count II sought to reform the legal description of the property listed in the mortgage because of a scrivener's error.

Following trial, the trial court entered final judgment in favor of the lender on the foreclosure count; however, the trial court involuntarily dismissed Count II. Thus, both the lender and borrower prevailed on separate counts. The trial court determined that both were entitled to

attorney's fees.

A year later, the borrower moved to determine attorney's fees on the reformation count. At the hearing to determine the amount of fees due, the borrower presented a fee grid, a retainer agreement, and testimony by her counsel and a fee expert. The fee grid did not specify which tasks were related to which counts or how much time per task was allocated to either count. The fee grid also detailed four entries for preparation and attendance at the hearing on the determination of the amount of fees due to the borrower.

The borrower's position at the hearing was that the fees could not be apportioned between the counts because the foreclosure count and the reformation count were so inextricably intertwined that apportionment of fees was impossible. The trial court granted all the borrower's requested fees for both counts at a reduced rate and hours. The lender now appeals the trial court's decision.

On appeal, the lender argues that the trial court abused its discretion by awarding the borrower all her attorney's fees because the counts were not inextricably intertwined. The lender further argues that the trial court erred by awarding the borrower fees for entries that were allocated to preparing and attending the hearing that determined the amount of fees due to the borrower—in other words, fees for fees. We agree.

An abuse of discretion standard applies when reviewing a trial court's determination of attorney's fees; however, a trial court's determination of whether multiples claims within a lawsuit are separate and distinct is subject to a de novo review. *Anglia Jacs & Co. v. Dubin*, 830 So. 2d 169, 171 (Fla. 4th DCA 2002). An award of attorney's fees must be supported by competent, substantial evidence. *Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000).

Section 57.105(7), Florida Statutes, allows courts to grant reasonable attorney's fees to a party when that party prevails in any action regarding a contract that allowed for attorney's fees. However, this statute does not permit an award of "fees for fees." *Mediplex Constr. of Fla., Inc. v. Schaub*, 856 So. 2d 13, 15 (Fla. 4th DCA 2003).

A party may recover attorney's fees for time spent *establishing entitlement* to fees; however, a party *cannot recover fees for time spent contesting or determining the amount of fees* due. *See id.* at 14–15; *Eisman v. Ross*, 664 So. 2d 1128, 1129 (Fla. 3d DCA 1995).

"In a case with multiple claims, 'where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim.'" *Padgett v. Kessinger*, 190 So. 3d 105, 108 (Fla. 4th DCA 2015) (quoting *Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986)).

"When a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separate from the unsuccessful claims." *Anglia Jacs & Co.*, 830 So. 2d at 172 (citation omitted). Put another way, a full fee for multiple claims— successful and unsuccessful—may be awarded if the claims are inextricably intertwined. *Id.* "Claims are inextricably intertwined when a determination of the issues in one action would necessarily be dispositive of the issues raised in the other." *Id.* (citations and internal quotation marks omitted).

"Claims are separate and distinct if 'they could support an independent action and are not simply alternative theories of liability for the same wrong.'" *Padgett*, 190 So. 3d at 108 (quoting *Avatar Dev. Corp. v. DePani Constr., Inc.*, 883 So. 2d 344, 346 (Fla. 4th DCA 2004)).

A reformation claim is outside the terms of the contract and cannot provide a basis for attorney's fees and costs pursuant to the contract. *See Natarajan v. Horn*, 402 So. 2d 596, 597 (Fla. 2d DCA 1981).

The party seeking fees bears the burden to allocate the fees to the issues which fees were awarded or show that the issues are so intertwined that allocation is infeasible. *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 388 (Fla. 4th DCA 2012).

In *Deustche Bank v. Quintela*, 268 So. 3d 156, 158–59 (Fla. 4th DCA 2019), the borrower sought attorney's fees related to all counts, even though the borrower prevailed on the issue of reformation but not on the issue of foreclosure. The borrower argued that the defenses to both counts were inextricably intertwined. *Id.* The trial court found that the borrower was entitled to fees and awarded him all fees, including fees for the count on which the borrower did not prevail. *Id.* We reversed the award, holding that the borrower was not the prevailing party because the fact that the bank obtained a final judgment of foreclosure without reforming the legal description demonstrated that the reformation count was insignificant and

not intertwined with the foreclosure count.  *Id.* at 159.

Here, it is important to note that the issues raised on appeal do not concern entitlement to fees; rather, the issues raised on appeal concern the amount of fees due to the borrower.  Because the lender has not challenged entitlement, we do not disturb the trial court's determination that the borrower is entitled to fees on the reformation count. Nevertheless, under *Quintela,* the principle remains that reformation is not a significant issue and cannot be inextricably intertwined with a foreclosure count.

The borrower had the burden to allocate the fees to the reformation count or demonstrate that such an allocation was not possible.  The relevant provision in the mortgage provides that the lender shall be entitled to all expenses when pursuing foreclosure.  Here, the borrower did not present any evidence to establish that the claims were intertwined, but instead argued only that the claims were intertwined because they arose from the same action.  The lender countered this argument with its fee expert, who testified about the different elements of foreclosure and reformation.  Indeed, the borrower's own witness stated that reformation is a matter usually challenged at a later time or after trial.  Thus, as we held in *Quintela,* we conclude here that the lender's reformation claim was completely outside the terms of the contract and cannot be inextricably intertwined with the foreclosure count.

Because the borrower did not satisfy her burden to demonstrate that the counts were intertwined, the trial court abused its discretion in awarding the borrower all her fees and costs, including those attributed to the foreclosure claim.

Finally, the trial court erred by awarding fees for the entries in the fee grid that were allocated to preparing and attending the hearing that determined the amount of fees due.

We reverse the trial court's determination of fees and remand for further proceedings consistent with this opinion.  On remand, the trial court shall require the borrower to allocate time worked on tasks related only to the reformation count.  Further, the trial court shall not award any fees for time allotted to the preparation or attendance for determining the amount of fees due to the borrower.  This disposition renders the borrower's cross-appeal moot.

*Reversed and Remanded.*

4

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***