DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRED BURDETT,**
Appellant,

v.

**RICK OPTON,**
Appellee.

No. 4D19-2136

[September 16, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502016CA003856XXXXMBAI.

Labeed A. Choudhry of Ward Damon PL, West Palm Beach, for appellant.

Geoffrey L. Jones of Jeck, Harris, Raynor & Jones, P.A., Juno Beach, for appellee.

WARNER, J.

In this appeal from an order denying attorney's fees, appellant Seller contends that the court erred in determining that he was not the prevailing party and not entitled to attorney's fees pursuant to the terms of the promissory note on which he sued. Even if Seller was not the prevailing party, he contends that he is still entitled to attorney's fees pursuant to section 679.623(2)(b), Florida Statute (2017). Seller argues that attorney's fees should have been included in the redemption amount deposited by Buyer to redeem the stock pledged as collateral for the promissory note. We disagree and affirm.

Seller filed suit against Buyer for nonpayment of a promissory note and then sought to replevin stock held as collateral for the note. Buyer contended that he had attempted to tender the full amount due on the note, but Seller refused and rejected his calculation of interest. Buyer then obtained an order permitting him to deposit with his attorney, for further disbursement, what he claimed was due on the note. After further litigation and a trial over the interest due on the note, the trial court

determined that Buyer's calculation of the interest was correct, and that Buyer had tendered the correct amount to satisfy the note. The court noted that the amount did not include any attorney's fees as required by section 679.623(2)(b) and reserved jurisdiction to determine both entitlement and the amount of attorney's fees, if any.

At a subsequent hearing, the court determined that under the promissory note, which allowed attorney's fees to the prevailing party in any litigation, Buyer was the prevailing party on the significant issues in the litigation. The court also denied fees pursuant to section 679.623(2)(b), which required the tender of attorney's fees due to the secured party in retaking collateral. From this order, Seller appeals.

With respect to the determination of the prevailing party, our standard of review of a trial court's ruling on the issue of prevailing party attorney's fees is abuse of discretion. *Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 213 (Fla. 2012); *Padgett v. Kessinger*, 190 So. 3d 105, 107 (Fla. 4th DCA 2015). "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enter.*, 604 So. 2d 807, 810 (Fla. 1992). The trial court did not abuse its discretion in determining that Buyer prevailed on the significant issues in this case, and thus the court did not err in denying attorney's fees to Seller.

Seller also contends that he was entitled to fees under section 679.623(2)(b), which requires that to redeem collateral a debtor must tender not only the fulfillment of any obligation secured by the collateral but also "[t]he reasonable expenses and attorney's fees described in s. 679.615(1)(a)." In turn, section 679.615(1)(a), Florida Statutes (2017) describes the reasonable expenses and attorney's fees as follows: "[t]he reasonable expenses of retaking, holding, preparing for disposition, processing, and disposing, and, to the extent provided for by agreement and not prohibited by law, reasonable attorney's fees and legal expenses incurred by the secured party." To the extent that the parties' note and stock pledge agreement provided for attorney's fees in the litigation, the fees were prevailing party attorney's fees, and the court determined that the Seller did not prevail. To the extent that some fees should have been included in the redemption tender as part of the collection costs under the note, once the tender was made by Buyer, he fulfilled his obligation under the stock pledge agreement.[1] We also note that the record does not

---

[1] When Buyer tendered the full amount of the note, Buyer paid more than the 75% required by the stock pledge agreement to foreclose Seller's option for replevin under its terms.

disclose that Seller ever notified Buyer of any additional fees and expenses required for redemption pursuant to the statute when redemption was tendered. *Cf. Emmons v. LeMaster, Inc.*, 27 Kan. App. 2d 940, 10 P. 3d 33, 37 (2000).

Based upon the foregoing, we affirm the trial court's denial of attorney's fees to the Seller.

MAY, J., and HILAL, JENNIFER, Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***